Milford-Trumbauersville Area Sewer Authority *v.* Approximately 0.753 Acres of Land Known To Be the Property of John A. M. McCarthy, Appellant.

Argued April 8, 1976, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*John A. M. McCarthy,* appellant, for himself.

*Victor S. Jaczun,* with him *Jaczun & Grabowski,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., June 1, 1976:

Presently before us is the appeal of John A. M. McCarthy (Condemnee). Condemnee asks us to reverse an order of the Court of Common Pleas of Bucks County which dismissed his preliminary objections to a declaration of taking filed by the Milford Trumbauersville Area Sewer Authority (Condemnor). For the reasons hereinafter stated, we affirm.

Condemnee frames four issues for our resolution:

1. Can a court of common pleas overrule preliminary objections challenging adequacy and sufficiency of the bond of a condemnor without taking testimony?

2. Should a declaration of taking comply with the Pennsylvania Rules of Civil Procedure?

3. Must a sewer authority's declaration of taking reveal how it came into existence, the date and source of its charter and where it is recorded?

4. Should a drawing of a proposed sewer line show a view of its elevation as well as a flat plan?

Condemnee's initial argument is that the court below improperly dismissed his objection to the sufficiency of bond without allowing Condemnee to offer testimony. We have carefully examined the record and conclude that the opinion of the court below cogently disposed of this contention.

It is well settled that in cases in which the sufficiency of the security is challenged by preliminary objection, the condemnee is entitled to a hearing and an opportunity to present evidence. *Faris Appeal,* 435 Pa. 55, 254 A.2d 653 (1969). The record tells us that after Condemnee filed his preliminary objections he made no request to continue the date of argument. Indeed in a letter to the court below covering his brief in support of preliminary objections, Condemnee indicated his intention to rely solely on his brief. [1] This being so, Condemnee was in no way deprived of his right to present testimony.

---

[1] The relevant portion of Condemnee's letter to the court below found in the record as an appenditure to the opinion of the court below states:

"Dear Judge Walsh,

"Enlosed [sic] is Bried [sic] of Defendant Condemnee sur Preliminary Objections in above case schedule [sic] for argument Thursday, June 12, 1975. Due to the fact that I am required [sic] to be in Harrisburg, Pennsylvania, Wednesday and Thursday of this week in performance of my duties as a member of the State Civil Service Commission, I must forego oral argument and submit my position in this brief. I could not ask for postponement as I am leaving for Ireland June 14th. Consequently I must leave my fate to the province of God and yourself.

I am very serious in this matter, and resent the snide remarks that opposing Counsel made in the letter he addressed you. This is my property and once it is taken it is irretrievably lost. Th e [sic] fact that this Authority has obtained numerous releases from other land owners, without full explanation of the rights and obligations those persons have is no reason I should likewise be victimized by such fraudulent conduct.

Second, Codemnee asserts that the declaration of taking filed by Condemnor is not executed and verified as mandated by Section 402(b) of the Eminent Domain Code [2] and Pa. R.C.P. No. 1024. Section 402(b) provides:

"The declaration of taking shall be in writing and executed by the condemnor . . . ."

Condmenee argues that the phrase, *executed by the condemnor,* in Section 402(b), should be read to mean officer, manager, superintendent, member or similar person of the condemning authority, and that the phrase is in no way broad enough to include the solicitor of the authority. Condemnor counters by arguing that it specifically provided in its condemnation resolution that its solicitor was empowered to file the declaration of taking. [3] A review of the Eminent Domain Code, and its attendant case law, satisfied us that Condemnor is not restricted from authorizing its solicitor to act on its behalf in the execution of a declara-

---

Thank you for your consideration. Should you feel I should be present in Court, and you wish to continue the argument, I sh all [sic] be happy to appear after July 1st."

We note that the final sentence is not a request for continuance. It is not a decision for the court to decide whether Condemnee should appear, but rather one in which Condemnee must clearly delineate his requested appearance or continuance.

[2] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-402(b).

[3] Paragraph Three of that resolution states:

"3. That Victor S. Jaczun, Esquire, as a solicitor of this Authority, is hereby authorized and directed, in the name of and on behalf of this Authority, to file in the proper office a Declaration of Taking, a bond in the form attached to this Resolution for each property so condemned, to file a Notice of Condemnation, to give notice of this condemnation to all persons affected thereby, and to do all other things necessary, convenient, or advisable to effectuate this condemnation, all as required or permitted by the Eminent Domain Code, Act of June 22, 1964."

tion. Moreover, Condemnee does not assert, and we are unable to find, prejudice in the alleged inadequacy.

A more persuasive argument presented by Condemnee is that the declaration of taking is defective because Condemnor's solicitor verified the declaration. Pa. R.C.P. No. 1024 states in relevant part:

"(a) Every pleading containing averments of fact not appearing of record in the action or containing denials shall be verified on oath or affirmation that the averments or denials are true upon the affiant's personal knowledge or information and belief. The affiant need not aver the source of his information or expectation of ability to prove the averments or denials at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder."

Further, Pa. R.C.P. No. 1002 states:

"Any act other than verification required or authorized by this chapter to be done by a party may be done by his attorney."

In reconciling this argument the court below relied upon Pa. R.C.P. No. 126, its rationale being that if an error existed with regard to the verification, it was at best a technical error and harmless. We agree with that rationale [4] where it stated:

"The rules of civil procedure are not to be lightly regarded by either the bar or the courts. They must be observed in the interest of order and regularity in the progress of litigation. This requirement is tempered by rule 126 which provides:

---

[4] We do not here hold that the Pennsylvania Rules of Civil Procedure (in particular, Pa. R.C.P. No. 126) are applicable to the Eminent Domain Code, *see Department of Transportation v. Ambrosia*, 24 Pa. Commonwealth Ct. 8, 354 A.2d 257 (1976), but rather, our agreement with the lower court is limited to the rationale that verification by the solicitor of record, if error, was harmless.

'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.'

"Pleadings which rule 1024 requires to be verified are limited to those 'containing averments of facts not appearing of record in the action.' The only fact averred in this declaration of taking which can be construed to fall within the rule are records of a public body which are open to inspection. While it is true, as condemnee said in his brief that he is not required to 'run around to all obscure places,' the record before us contains a certified copy of the Authority's resolution to make the condemnation—which is the principal averment of fact in the declaration of taking. The authenticity of the copy does not appear to be questioned. It may also be stated that it is doubtful whether the condemnor was required to attach a copy of the resolution. The statute merely directs that a specific reference to it be pleaded, together with the name of the place where the record may be examined. (Sect. 402(3)). While it would have been better practice to have had the declaration of taking verified by someone other than the Authority's solicitor, this defect does not affect the substantial rights of the condemnee. There is no constitutional or legal mandate which required the court to apply the standard of strict construction to nonprejudicial irregularities in the procedural aspects of condemnation. Peter v. Dept. of Forests and Waters, 12 Commonwealth Ct. 330, 334 (1974)."

Third, Condemnee contends that the court below improvidently dismissed its objection which was based on the failure of the declaration of taking to state the

date the authority came into existence, the source of its charter or the location of the recorded charter.

Section 402 of the Code, 26 P.S. §1-402, enumerated the averments necessary to constitute a valid declaration of taking. That section in no way mandates that a condemnor plead the facts sought by Condemnee in this third objection. Condemnor need only plead its name and address [5]; a specific reference to the statute, article and section thereof under which the condemnation is authorized[6]; a specific reference to the action whether by ordinance, resolution or otherwise, by which the declaration of taking was authorized, including the date when such action was taken, and the place where the record thereof may be examined. [7]

Other requirements enumerated in Section 402 do not relate to the facts sought by Condemnee in the instant objection, but it is clear that Condemnor's declaration of taking meets the enumerated requirements above mentioned. [8]

---

[5] Section 402(b)(1), 26 P.S. §1-402(b)(1).

[6] Section 402(b)(2), 26 P.S. §1-402(b)(2).

[7] Section 402(b)(3), 26 P.S. §1-402(b)(3).

[8] The declaration of taking states:

"Milford-Trumbauersville Area Sewer Authority, in accordance with the Act of 1964, Special Sess., June 22, P.L. , No. 6, Art. 6, Par. 402 (26 P.S. Par. 1-402), makes the following statements:

"1. The name and address of the condemnor is Milford-Trumbauersville Area Sewer Authority, Milford Township Building, R. D. #2, Quakertown, Pennsylvania 18951.

"2. The names and addresses of the condemnees are as follows: John A. M. McCarthy, business address—527-29 Western Savings Bank Bldg., S. E. Corner, Broad and Chestnut Streets, Philadelphia, Pa. 19107 and the Prothonotary is directed to index these proceedings against the said condemnees.

"3. The specific reference to the statute, article and section thereof under which the condemnation is authorized is the 'Municipality Authorities Act of 1945', 1945, May 2, P.L. 382, Par. 4, as amended (53 P.S. 306 B. (1)).

Finally, Condemnee argues that the drawing of the proposed sewer line appended to the declaration of taking is inadequate in that it fails to set forth elevations of the proposed line. Our review of the relevant Code section fails to disclose a requirement that a condemnor set forth elevations of the proposed line.

Section 402(5), in describing the requirements necessary for inclusion in the declaration of taking requires only a description of the property condemned *sufficient for identification thereof.* [9] This description

"4. This Declaration of Taking was authorized by resolution of the Milford-Trumbauersville Area Sewer Authority held on January 6, 1975. The record of such resolution may be examined in the office of the Authority, Milford Township Building, R. D. #2, Quakertown, Pennsylvania 18951.

"5. The purpose of the condemnation is to provide lands upon which portions of a sewage collection and treatment system will be installed or constructed.

"6. A description of the property being condemned, together with a plan showing the lands being condemned, is attached hereto and made a part hereof.

"7. The title to be acquired is an easement, right-of-way or base fee.

"8. A plan showing the condemned property being taken may be inspected in the office of the Milford-Trumbauersville Area Sewer Authority, Milford Township Building, R. D. #2, Quakertown, Pennsylvania 18951.

"9. Just compensation will be made and is secured by a bond conditioned upon the payment of legal damages to the respective owner of the property affected by the said condemnation resolution, a true and correct copy of which bond is attached hereto.

JACZUN & GRABOWSKI
Solicitors for Milford-Trumbauersville Area Sewer Authority
By: /s/ Victor S. Jaczun
Victor S. Jaczun, Esquire"

[9] Section 402(b)(5) states:

"(b) The declaration of taking shall be in writing and executed by the condemnor, shall be captioned as a proceeding in rem, and shall contain the following:

may be a word description or in plan form. *See* Section 402(b)(5) of Snitzer, Pennsylvania Eminent Domain (1965). Condemnor has chosen to incorporate the appended plan as its description in this partial taking.

We agree with the court below that the plan prepared by a consulting engineer taken from both deed book and tax parcel recordings is sufficient to give Condemnee the requisite notice of that portion of his tract to be taken.

In light of the foregoing, the order of the court below dismissing the preliminary objections of Condemnee is hereby affirmed.

Judge KRAMER did not participate in the decision in this case.

---

". . . .

"(5) A description of the property condemned sufficient for the identification thereof, specifying the city, borough, township or town and the county or counties wherein the property taken is located, a reference to the place of recording in the office of the recorder of deeds of plans showing the property condemned or a statement that plans showing the property condemned are on the same day being lodged for record or filed in the office of the recorder of deeds in such county in accordance with section 404 of this act."