Ralph R. Riehl, Jr., et al., Appellants *v.* Millcreek Township Sewer Authority, Appellee.

Argued March 3, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate.

*Norman H. Stark,* with him *MacDonald, Illig, Jones & Britton,* for appellants.

*William C. Sennett,* with him *Donald E. Wright, Jr., John M. McLaughlin,* and *Knox, Graham, Pearson, McLaughlin and Sennett, Inc.,* for appellee.

OPINION BY JUDGE BLATT, August 11, 1976:

As part of an extensive program (Project No. 4) to expand an existing sewage collection system, the Millcreek Township Sewer Authority (Sewer Authority) planned to construct public sewers to serve properties fronting on Watson Road, a private road within the township. On June 3, 1975, in accordance with the Municipality Authorities Act of 1945[1] and the Eminent Domain Code,[2] the Sewer Authority filed a declaration of taking in the Court of Common Pleas of Erie County for the purpose of acquiring a 50-foot wide right of way to construct the sewer in the roadbed of Watson Road. The road itself is 20 feet wide,

---

[1] Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §301 et seq.
[2] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101 et seq.

and a matter of importance to the litigants here involved is the fact that the road is lined by a row of locust trees set back approximately five feet from each side of the road edge. The condemnees, who own the road and the trees as well as the properties fronting on the road, filed preliminary objections to the taking and, after hearings before the lower court, all objections were dismissed. This appeal followed.

In appeals from a lower court dismissing preliminary objections to a declaration of taking, our scope of review is limited to a determination of whether or not the court below abused its discretion or committed an error of law in reaching its conclusions. It is not for this Court to determine whether or not we would have reached the same conclusions but rather whether or not the record contains sufficient competent evidence to support the conclusions of the court below. *Blank v. Columbia Gas of Pennsylvania, Inc.*, 11 Pa. Commonwealth Ct. 304, 314 A.2d 880 (1974).

Among the objections raised by the condemnees and of those preserved on appeal is the assertion that notice of the declaration of taking served on the condemnees failed to meet the requirements of the Eminent Domain Code (Code). Particularly concerned are the provisions of Section 405(c) of the Code, 26 P.S. §1-405(c) which require that the notice describe the purpose for the condemnation, state the nature of the title being acquired, and, in the case of a partial taking as is the case here, include a plot plan showing the condemnee's entire property and the area being taken. Upon examination of the record, however, we must affirm the lower court's finding that these requirements have been met. The affidavit of service of the notice filed in the court below indicates that a copy of the actual declaration of taking was included with notice served upon each condemnee. The declaration by its numbered paragraphs and accompany-

ing exhibits clearly describes the purpose for the condemnation, indicates that a permanent easement is being acquired, and includes a plot plan adequately showing the properties involved. The evidence thus presented amply supports the lower court's conclusion on this issue.

The condemnees also alleged in their preliminary objections that the public benefits of the Watson Road sewer project are not sufficiently substantial to justify an exercise of the power of condemnation. It is well established, of course, that the power of eminent domain cannot be used to acquire property for private rather than public purposes, *Borough of Big Run v. Shaw,* 16 Pa. Commonwealth Ct. 623, 330 A.2d 315 (1975), but a taking does not lose its public character merely because private interests may also be benefited. *Belovsky v. Redevelopment Authority of Philadelphia,* 357 Pa. 329, 54 A.2d 277 (1947). The condemnees here argue that sewers on Watson Road will serve no public purpose, asserting that only the construction contractor will benefit from the installation of the sewer line. They point to the fact that the on-lot sewage disposal systems currently serving the properties have neither malfunctioned nor contributed to local pollution. Moreover, because the proposed sewer will be a closed-end line, it is not necessary to the flow in the township wide sewage collection system. They do not believe, therefore, that large construction costs for this project can be justified. Again, however, our examination of the record reveals ample justification. Indeed in March of 1975, the Pennsylvania Department of Environmental Resources had ordered the township to proceed with the project. Moreover, soil interpretations prepared in 1972 by the United States Department of Agriculture Conservation Service indicated that 90 per cent of the soils in the Erie County area have characteristics "that seriously limit

the use for on-lot sewage systems,'' such as those serving the condemnees' properties. With respect to the Watson Road sewer line, while it may be true that the proposed closed-end sewer line might not be essential to the overall operation of the sewer system, the need for such a system for the condemnees' properties is borne out by the testimony of Dr. George H. Otto, a consulting geologist retained by the Sewer Authority for Project No. 4. Dr. Otto stated that his soil tests, although not conducted directly on the Watson Road properties, along with his inspections of the area, revealed that the soil on these properties is loose and permeable and would permit septic tank fluids to disperse rapidly without normal purification, thus threatening the contamination of local waters.[3] We believe, therefore, that the lower court, having heard Dr. Otto's testimony with respect to Watson Road, and having considered the area-wide sewage disposal need, properly dismissed the condemnees' objection that the condemnation of a right of way for the construction of a sewer line on Watson Road was without substantial public benefit. In addition, we are not convinced that the high cost for completing such a project is not justified by the benefits to be gained,

---

[3] At one point in the hearings below, Dr. Otto testified as follows: "And therefore there is no reasonable doubt in my mind that along all or most of Watson Road we would find conditions very similar to what we found in our borings, and it was so permeable that septic tanks would cause fluids to disappear with great rapidity, but they go out so fast that there isn't time for the normal bacterial purification to take place that a properly functioning septic tank works. To be sure, the landowners say our septic tanks work perfectly. They mean that no matter how much fluid they put in it disappears, but it goes into the groundwater supply before there is a chance to adequately purify it, and there are people to the north, some along Wolfe Road, that still have wells that they use, and it is only a matter of time till contamination reaches those wells.''

as is suggested by the condemnees. Moreover, we might note that the Township delayed commencing this project until substantial federal funding became available to reduce the local cost burden.

Still further objection was raised that the lower court erred in failing to take testimony as to the adequacy of the $50,000 condemnation bond posted by the Sewer Authority, citing *Golden Dawn Shops, Inc. v. Philadelphia Redevelopment Authority*, 3 Pa. Commonwealth Ct. 314, 282 A.2d 395 (1971). The condemnees properly point out that where an objection to the sufficiency of the bond is raised, the trial judge should not dismiss the objection without requiring an answer and holding a hearing. *Faris Appeal*, 435 Pa. 55, 254 A.2d 653 (1968). We do not believe, however, that the trial judge has failed to satisfy his obligation here. When counsel for the condemnees indicated a desire to produce testimony on the adequacy of the bond, the judge below, while showing some consternation over condemnees' numerous technical objections, afforded the condemnees a second hearing at which the condemnees failed to press for additional evidence concerning the sufficiency of the bond. Indeed some evidence was presented as to the financial status of the Sewer Authority, however, and, in these circumstances, we do not believe that the judge below abused his discretion in dismissing the condemnees' objection. *See Milford Traumbauersville Area Sewer Authority v. Approximately 0.753 Acres of Land Known to be Property of John A. M. McCarthy*, 25 Pa. Commonwealth Ct. 13, 358 A.2d 450 (1976).

Finally, as to the protection of scenic and environmental values, we are mindful that Article I, Section 27 of the Constitution of Pennsylvania charges the various agencies of government to act within their power, as trustees of public natural resources, to make

reasonable efforts to protect and preserve those resources which may be threatened by the actions of the agency concerned. *Community College of Delaware County v. Fox,* 20 Pa. Commonwealth Ct. 335, 342 A.2d 468 (1975); *Payne v. Kassab,* 11 Pa. Commonwealth Ct. 14, 312 A.2d 86 (1973). Inasmuch as the Sewer Authority here has condemned a right of way which encompasses two rows of locust trees which are of value to the condemnees and no doubt of value to the public at large as well, we would hope and expect that all reasonable effort will be made to protect any and all of these trees from damage or destruction during the course of construction of the proposed sewer line on Watson Road.

In view of the foregoing, therefore, we believe that the Court of Common Pleas of Erie County properly dismissed the preliminary objections filed by the condemnees here involved, and the order of the court below, therefore, is affirmed.