## A. Swartz and R. Swartz, Appellants *v.* Pittsburgh Public Parking Authority, Appellee.

Argued October 9, 1981, before Judges Williams, Jr., MacPhail and Palladino, sitting as a panel of three.

*Dennis R. Joyce,* for appellant.

*Leonard M. Mendelson,* with him *William R. Grove, Jr., Hollinshead and Mendelson,* for appellee.

Opinion by Judge MacPhail, December 29, 1981:

This is an appeal from an order of the Court of Common Pleas of Allegheny County dismissing the preliminary objections of Ann and Rebecca Swartz (Appellants) to a Declaration of Taking filed September 20, 1979, by the Public Parking Authority of

Pittsburgh (Authority). The subject property involves two parcels of land located on the southwest corner of Centre Avenue and North Craig Street. We affirm.

The Appellants have raised numerous objections to the decision below. Before examining the substantive issues raised by the preliminary objections, we must initially determine whether the Appellants were accorded a fair hearing by the Common Pleas Court. One of the primary allegations made by the Appellants is that the denial of a continuance until the Appellants received transcripts of prior hearings, and the subsequent closing of the hearing when the Appellants refused to continue with their case, denied them due process of law. The decision of whether to grant a continuance is a matter within the discretion of the lower court, *see Kopec v. Redevelopment Authority of the City of Hazleton,* 27 Pa. Commonwealth Ct. 515, 517-18, 367 A.2d 784, 786 (1976), and will not be disturbed on review absent a manifest abuse of discretion. *Id.* An examination of the record leads us to believe the trial court was within its discretionary power to deny a further continuance. The case had already taken two days of hearings with over 400 pages of testimony. The case was conducted almost entirely by Ann Swartz, one of the Appellants, who presented no evidence in the record to show she was in any way hindered from proceeding that day with her case in chief.[1] Thus, we can find no abuse of discretion in the Court's refusal to grant a continuance.[2]

---

[1] Appellants appended several letters to their brief concerning these transcripts, but as they were not part of the record below we may not consider them on appeal.

[2] We note further that the proper method to obtain transcripts should have been to request a court order upon the stenographer, not ask for a delay in the case. *See Commonwealth v. Ezell,* 212 Pa. 293, 61 A. 930 (1905).

Appellants also have argued that they should not have been ordered to proceed in the case when their counsel of record moved the Court that morning for, and was granted, permission to withdraw from the case. In view of the previously mentioned fact that Ann Swartz conducted the case herself, and again failed to show to the lower court any disadvantage to the Appellants in being ordered to continue,[3] we find no denial of due process.

Appellants have complained to this Court about the quashing of subpoenas issued to Parking Authority and City Council members, as well as the subpoenas of a city businessman and state senator. Again, this Court's standard of review of the trial court's action is abuse of discretion. As the Appellants failed to show how the testimony of these persons would be relevant to their case,[4] we find no abuse of discretion in quashing these subpoenas.[5]

Finally, the Appellants claim that the trial court was biased against them and thus deprived them of a fair hearing. The Appellants have not directed our attention to any instances or statements by the lower court showing bias. Our own reading of the record leads us to believe that the lower court in fact gave the Appellants every chance to prove their case and was in no way biased against them. We find this argument to be without merit.

---

[3] Further, we note the Appellant did not request a continuance due to their attorney withdrawing. Their argument for a continuance centered around their desire for transcripts.

[4] Conclusory statements that "the Court would be rendered ignorant of certain truths that are fundamental to this hearing" do not provide a basis for finding that the Appellant had shown some degree of relevancy.

[5] The trial court also did not absolutely foreclose the allowance of these subpoenas as twice it agreed to reconsider the subpoenas at a later time, presumably after some degree of relevance was shown.

We now move to the substantive issues raised on this appeal, all of which were dismissed by the lower court. The Appellants have alleged that the declaration of taking is defective in that it failed to sufficiently describe the public purpose of the condemnation as required by Section 405(c)(7) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-405(c)(7). The declaration of taking states "4. The purpose of the condemnation is to permit the construction of a public parking facility on the site." We believe this is sufficient recital of the purpose so as not to invalidate the Declaration of Taking. *See Mier v. Citizens Water Co.*, 250 Pa. 536, 95 A. 704 (1915). Furthermore, acquiring land for off street parking is a public use and thus the Authority did have the power to condemn this property. *McSorley v. Fitzgerald*, 359 Pa. 264, 59 A.2d 142 (1948).

The Appellants also challenge the trial court's denial of their objection regarding the sufficiency of the security. They direct our attention to this Court's decision in *Riehl v. Millcreek Township Sewer Authority*, 26 Pa. Commonwealth Ct. 70, 362 A.2d 478 (1976) where we stated that a trial judge should not dismiss an objection to the sufficiency of security without requiring an answer and holding a hearing. Appellants argue that since the hearing was closed before any evidence was taken on the point, then the requirements of *Riehl* have not been met. We do not believe, however, that the lower court has violated *Riehl* in this case. As we have previously indicated, the court below did not abuse its discretion in ending the hearing when it did. That the Appellants chose not to continue with their case and thus failed to present evidence regarding insufficiency of the bond should not give the Appellants grounds to complain now about the absence of testimony. The Appellants thus have not been deprived of their right to present

testimony. *See Milford-Traumbauersville Area Sewer Authority v. Approximately 0.753 Acres of Land,* 25 Pa. Commonwealth Ct. 13, 358 A.2d 450 (1976).

The Appellants claim that the Authority failed to make good faith negotiations since only a single offer was made. No testimony was presented, however, to show that this was not a fair offer. Furthermore, our Supreme Court has held that condemnors no longer are required to negotiate before initiating condemnation proceedings. *Pittsburgh School District Condemnation Case,* 430 Pa. 566, 244 A.2d 42 (1968).

Finally, the Appellants have argued that the action of the Authority in choosing this lot to condemn was arbitrary, capricious, an abuse of discretion, and fraudulent in purpose in being for private rather than public reasons. The law in these matters is quite clear. We have no power to substitute our discretion for that of the Authority, nor to correct mistakes in judgment. It is presumed that the officials have performed their duties in good faith and the Appellants therefore carry a heavy burden to prove the contrary. *See, e.g., Washington Park, Inc. Appeal,* 425 Pa. 349, 229 A.2d 1 (1967); *Hatfield Township Appeal,* 28 Pa. Commonwealth Ct. 109, 367 A.2d 747 (1977).

The Appellants, both in their brief to this Court and in numerous exchanges in the trial court, have attempted to ascribe some private purpose to the actions of the Authority. However, we fail to see, as the court below failed to see, any facts introduced to support their claims. The Appellants brought in testimony to show there were other available lots for taking. But mere evidence that this lot may not be the best choice is no ground for reversal; we cannot substitute our discretion for the administrative discretion of the Authority. *Speicher Condemnation Appeal,* 58 Pa. Commonwealth Ct. 321, 329, 428 A.2d 284, 286

(1981). Appellants have made much of the fact that the last written analysis of parking needs in the Center-Craig area was made in 1973, with only a minor update in 1979. They argue that this shows that the Authority does not know if a public parking lot is needed and thus the taking is beyond their power. We do not agree. The Appellants' own witness, Mr. Topnick, testified to a continuing need for parking at the present time. No evidence was presented to show the report was inaccurate in regards to its assessment on parking needs. Appellants have also argued that there was no need for a public parking lot since a private lot had been approved for the condemned land by zoning authorities. In view of the fact that this private lot did not even receive construction approval until August 15, 1979, the very day of the Authority's resolution authorizing the taking of this property, we again find nothing illegal or improper in the Authority choosing this property for its public lot.[6]

Other evidence in the trial court such as the engaging of an architect at the time of the resolution authorizing the taking, the failure of the Authority to coordinate with other city agencies and the less than perfect knowledge of the Authority's director concerning this specific taking, also fail to show bad faith or arbitrariness in the Authority's choice of property to take.

In sum, we find no error in the actions and decision of the trial court and therefore will affirm.

---

[6] The Appellants have directed our attention to Section 9 of the Parking Authority Law, Act of June 5, 1947, P.L. 458, *as amended*, 53 P.S. §349, in arguing that their property could not be taken. However, that section states, in pertinent part, "That no property . . . *which at the date when this act became effective*, . . . *is used* as a facility . . . for the parking of motor vehicles, . . . shall be taken under the right of eminent domain." We therefore find it to be inapplicable to the facts in this case.

#### ORDER

AND Now, this 29th day of December, 1981 the order of the Court of Common Pleas of Allegheny County, dated June 25, 1980, is hereby affirmed.