## CONDEMNATION OF A PERMANENT RIGHT–OF–WAY 20 feet in width and a Temporary Right–of–Way 40 feet in width across a portion of Cabot Drive and lands of Newport Homeowners Association for the Construction and Maintenance of a Sanitary Sewer 193.92 feet in length, more or less; A Permanent Maintenance Easement 25 feet in width, and the Acquisition of the Existing Sanitary Sewer Line Located Therein, Across a Portion of

---

Cabot Drive for the Maintenance and Repair of Said Sewer Line 584.43 feet in length, More or Less; and a Permanent Access Easement Across Portions of Andover Court and Cabot Drive; All in Tredyffrin Township, Chester County, Pennsylvania, Over Lands of Newport Homeowners Association (UPI# 43–5–27.040).

Appeal of: Tredyffrin Township Municipal Authority.

Commonwealth Court of Pennsylvania.

Argued March 3, 2005.
Decided April 12, 2005.
Reargument Denied May 27, 2005.

Robert F. Adams and Stacey L. Fuller, West Chester, for appellant.

John D. Maida, Plymouth Meeting, for appellee.

BEFORE: SMITH–RIBNER, J., FRIEDMAN, Judge (P.), and McCLOSKEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

The Tredyffrin Township Municipal Authority (Authority) appeals from the October 4, 2004 order of the Court of Common Pleas of Chester County sustaining the preliminary objections of the Newport Homeowners Association (Association) to the Authority's Declaration of Taking, which was filed to acquire a portion of the Association's private sewer system by power of eminent domain. The Authority asserts that the trial court erred in sustaining the preliminary objections because Section 5607 of the Municipality Authorities Act, *as amended*, 53 Pa.C.S. § 5607, grants a municipal authority the power to acquire sewers or parts thereof by eminent domain proceedings.

Newport is a planned residential community located within and along Andover Court and Cabot Drive in Tredyffrin Township, Chester County. The land and private sewer line at issue are titled to and managed by the Association on behalf of the individual property owners, and they are part of a private sewer system servicing all of the Newport community. By Resolution dated April 20, 2004, the Authority proposed to construct a new public sewer line from Tredyffrin Township Park to a connecting point on the Association's private sewer line and to convert a portion of the private sewer line into part of the public sewer system.

On June 29, 2004, the Authority filed its Declaration of Taking and supporting documents declaring that the Authority had acquired by condemnation (1) a permanent right-of-way 20 feet in width and a temporary right-of-way 40 feet in width across the Association's land for the construction and maintenance of a 193–foot sewer line; (2) a permanent maintenance easement 25 feet in width, including the acquisition of the private sewer line therein, lying across the Association's land some 584 feet in length, for the maintenance of the now public sewer line; and (3) a permanent access easement 25 feet in width and approximately 460 feet in length across the Association's land for access to the sewer line. The Association filed nineteen preliminary objections, asserting various procedural and substantive defects in the Authority's Resolution and Declaration of Taking but most importantly contending that under the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101–1–903, the Au-

thority had no power to condemn a private sewer line.

The trial court sustained the Association's preliminary objections and declared the Authority's Declaration of Taking void and without effect.[1] In an opinion filed November 19, 2004, the court stated that the Association's many objections could be reduced to one general issue, i.e., whether a municipal authority has the power to condemn a private sewer line by eminent domain. The court noted that powers of eminent domain must be strictly construed, and it concluded that neither the Eminent Domain Code nor the Municipality Authorities Act, 53 Pa.C.S. §§ 5601–5623, granted the Authority power to convert an existing private sewer line into a public sewer line. The court pointed out that, as required by Section 402(b) of the Eminent Domain Code, 26 P.S. § 1–402(b), a declaration of taking must refer to the place of recording in the office of the recorder of deeds of plans showing the *property* condemned and the nature of the *title* acquired.

The trial court pointed out that Section 5615(a)(1) of the Municipality Authorities Act, 53 Pa.C.S. § 5615(a)(1), relating to the acquisition of lands, water and water rights, authorizes an authority to acquire by eminent domain proceedings "the fee or the rights, title, interest or easement in such lands ... as the authority deems necessary for any of the purposes of this chapter." The court stated that a township board of supervisors may only acquire land on which to establish a sewer system by eminent domain, and, citing *Riehl v. Millcreek Township Sewer Authority,* 26 Pa.Cmwlth. 70, 362 A.2d 478 (1976), it held

---

**1.** The Court's review of the trial court's order sustaining the preliminary objections is limited to determining whether the trial court committed an error of law or an abuse of discretion and whether any necessary findings

of fact are supported by substantial, competent evidence. *Koschak v. Redevelopment Authority of Wilkes–Barre,* 758 A.2d 291 (Pa. Cmwlth.2000).

that a sewer authority may acquire a right-of-way on private land only to construct a public sewer. The court held that since Section 5607(a)(5), 53 Pa.C.S. § 5607(a)(5), does not mention the power of eminent domain, an authority's power to acquire sewer systems does not include the power to acquire an existing sewer line by eminent domain.

The Authority argues before this Court that the plain language of Section 5607 of the Municipality Authorities Act specifically grants the Authority power to acquire existing sewer systems or parts thereof by eminent domain, and thus the trial court erred in failing to recognize such power relying instead on either misguided or irrelevant reasoning. The Association maintains that, when read in conjunction with Section 5615(a)(1), Section 5607 authorizes only the acquisition of land by eminent domain for the purpose of constructing a public sewer line and that it does not authorize the acquisition of an already existing private sewer line. As a corollary argument, the Association claims that the Eminent Domain Code does not allow an authority to acquire a private sewer line without taking fee simple title to the land containing the private sewer line.

■ First, the Court agrees that the plain language of Section 5607 of the Municipality Authorities Act grants the Authority power to acquire an existing sewer system or parts of a system. Section 5607(a) provides in part:

(a) **Scope of projects permitted.**— Every authority incorporated under this chapter shall be a body corporate and politic and shall be for the purposes of financing working capital; acquiring, holding, constructing, financing, improving, maintaining and operating, owning or leasing, either in the capacity of lessor or lessee, projects of the following

kind and character and providing financing for insurance reserves:

. . . .

(5) *Sewers, sewer systems or parts thereof.*

(Emphasis added.)

Moreover, Section 5607(d), 53 Pa.C.S. § 5607(d), provides in relevant part: "Every authority may exercise all powers necessary or convenient for the carrying out of the purposes set forth in this section, including, but without limiting the generality of the foregoing, the following rights and powers: . . . (15) *To have the power of eminent domain.*" (Emphasis added.) The cited provisions are clear, and they unequivocally grant the Authority power of eminent domain to acquire a part of the Association's private sewer system. Hence, the Court need not analyze the issue any further except to note a well-settled rule of statutory construction that when statutory provisions are not ambiguous, legislative intent should be effectuated by according the words their plain and ordinary meaning and not by disregarding their obvious meaning in search of a particular result. *People United to Save Homes v. Department of Environmental Protection,* 789 A.2d 319 (Pa.Cmwlth.2001).

Second, the other statutory provisions cited by the Association and the trial court do not limit the Authority's power to acquire part of the Association's sewer system. Section 5615(a)(1) of the Municipality Authorities Act provides in relevant part: "Except as provided in paragraph (2), the authority shall have the power to acquire by purchase or eminent domain proceedings either the fee or the rights, title, interest or easement in such lands, water and water rights as the authority deems necessary for any of the purposes of this chapter . . . ." This section may be cited as authorization for an authority to acquire easements of the type that the

Authority seeks (although that authorization exists independently by virtue of Section 5607), but it cannot be read, even inferentially, to limit the Authority's power explicitly granted in Section 5607 to acquire sewer systems or parts thereof.

In addition, the trial court cited Section 2501 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, added by Section 1 of the Act of November 9, 1995, P.L. 350, 53 P.S. § 67501, as persuasive authority for the proposition that authorities may acquire only lands by eminent domain. That section, however, applies to actions of township boards of supervisors and not to municipal authorities. In any case, the eminent domain powers of township boards are not defined entirely in Section 2501, and the trial court erred in relying on that section as authority for its decision.[2] Further, the trial court placed undue emphasis on this Court's 1976 decision in *Riehl*, which did not involve a taking by eminent domain of a private sewer line. Instead, *Riehl* involved, among other issues, whether the condemnees received proper notice of the purpose and substance of the declaration of taking and whether public benefits from the condemnation justified the exercise of eminent domain powers. The authority sought to construct a new sewer line under a private road, and thus the Court was not faced with the issue of whether an authority could condemn an already existing private sewer line.

██ Third, and finally, the provisions of the Eminent Domain Code cited by the Association do not support its corollary argument that the Authority must acquire fee simple title to the land containing the sewer line in order to acquire part of the private sewer line. It is an accepted principle of law that the Eminent Domain Code does not in any way determine the nature of an interest acquired by condemnation and that, unless a statutory provision mandates otherwise, a condemnor may acquire an interest in property in fee simple or in a lesser estate. *Township of Cornplanter v. McGregor*, 745 A.2d 725 (Pa.Cmwlth.2000). As noted, Sections 5607 and 5615 of the Municipality Authorities Act authorize the Authority to acquire parts of sewer systems and easements in lands, and nothing in the Eminent Domain Code limits the Authority's power under the Municipality Authorities Act to determine the nature and extent of a particular condemnation.

Section 1 of the Act of April 14, 1949, P.L. 442, 26 P.S. § 201, relating to fee simple title, simply states that unless otherwise provided by ordinance or resolution, title to real property acquired by eminent domain vests in the political subdivision in fee simple. This section does not require that any particular class of acquisitions be in fee simple nor does it suggest that the Authority is bound in this case to acquire fee simple title in the Association's lands. Sections 402 and 404 of the Eminent Domain Code, 26 P.S. §§ 1–402 and 1–404, relating to declarations of taking and the recording of condemnation notices, set forth procedural and substantive requirements attendant to the condemnation proceeding but do not define the type of property interest a condemnor may acquire in a particular case.

Accordingly, based on its review of the issues and relevant case and statutory law, the Court must conclude that the trial court erred when it held that the Authority

---

2. *See, e.g.*, Section 2505 of The Second Class Township Code, 53 P.S. § 67505, which provides that a board of supervisors "may acquire by eminent domain or make contracts

... for the acquisition of lands or facilities for the location, construction, maintenance, reconstruction and enlargement of sanitary sewer systems and treatment facilities."

did not have legal power to acquire by eminent domain the property interests set forth in the Authority's Declaration of Taking. Consequently, the Court reverses the order of the trial court and remands this matter to the trial court for such other proceedings that may be required by this decision.[3]

### ORDER

AND NOW, this 12th day of April, 2005, the October 4, 2004 order of the Court of Common Pleas of Chester County is reversed, and this matter is remanded to the trial court for such further proceedings as are required by this decision.

Jurisdiction relinquished.

---

**3.** After oral argument, Counsel for the parties filed their supplemental briefs advising the Court that on January 27, 2005 the Township filed a separate Declaration of Taking to condemn the same easements and rights-of-way for sewer and access purposes and to acquire title and to connect to the existing private sanitary sewer line. The Association filed preliminary objections currently pending before the trial court. The Authority contends that its case is not moot as the Association asserted at oral argument, while the Association now contends that its preliminary objections should be sustained and that anything less will result in prejudice to its interests. Based on the record before the Court, it does not deem the issue presented by the Authority to be moot. Even if the issue were deemed moot the question involved is capable of repetition but might elude appellate review. *See Jersey Shore Area School District v. Jersey Shore Educ. Ass'n,* 519 Pa. 398, 548 A.2d 1202 (1988).