**Lower Perkiomen Valley Regional Sewer Auth. v. Beyer**

*George J. Ozorowski,* for apellee.

*Robert L. Brant Jr.* and *Wendy F. McKenna,* for appellants.

ALBRIGHT, *J.,* April 29, 2011—Catherine Beyer, Frederick J. Kaczor and Mary T. Kaczor (collectively referred to as "condemnees") appeal[1] from this court's orders, dated November 12, 2010, overruling the condemnees' preliminary objections to the Lower Perkiomen Valley Regional Sewer authority's declarations of taking of certain properties of the condemnees, pursuant to the condemnor's resolutions 2009-17[2] and 2009-18,[3]

---

1. According to Pa. R.A.P. 311(e), "[a]n appeal may be taken as of right from an order overruling preliminary objections to a declaration of taking."

2. On December 17, 2009, the Lower Perkiomen Valley Regional Sewer authority's Board of Directors passed Resolution 2009-17, authorizing the taking of certain real property owned by Catherine Beyer and more specifically identified as 3568 Areola Road, Lower Providence Township, Montgomery County, Pennsylvania, Tax Parcel Number 43-00-00547-00-4, as described in Deed Book 5492 Page 00057, recorded in the Montgomery County Recorder of Deeds Office.

3. On December 17, 2009, the Lower Perkiomen Valley Regional Sewer authority's Board of Directors passed Resolution 2009-18, authorizing the taking of certain real property owned by Frederick J. Kaczor and Mary T. Kaczor and more specifically identified as 3572 Arcola Road, Lower Providence Township, Montgomery County, Pennsylvania, Tax Parcel Numbers 43-00-00550-00-1 and 43-00-00553-00-7, as described in Deed Book 5492 Page 00057, recorded in the Montgomery County Recorder of Deeds Office.

respectively.[4] For the reasons that follow, the undersigned believes that the condemnees' appeals are without merit and that the trial court's orders of November 12, 2010 should be affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 23, 2009, the Lower Perkiomen Valley Regional Sewer authority (the "Condemnor" or "authority")[5] filed two declarations of Taking (the "declarations") for the purpose of acquiring temporary construction easements and permanent sanitary sewer easements needed to facilitate the expansion, construction, improvement, maintenance and operation of the Condemnor's Perkiomen Creek Interceptor. The Perkiomen Interceptor is the system through which wastewater flows by gravity from the authority's six member municipalities to the Oaks Wastewater Treatment Plant located in Oaks, Pennsylvania.[6]

In response to the declarations, the condemnees filed timely[7] preliminary objections on January 22, 2010,

---

4. The Beyer and Kaczor appeals deal with identical issues, therefore, the undersigned will address both appeals in this opinion.

5. The Lower Perkiomen Valley Regional Sewer authority is a municipal authority duly organized pursuant to the Pennsylvania Municipality Authorities Act, 53 Pa. C.S. §5602, et seq.

6. According to Condemnor's website, at http://www.lpvrsa. org/projects.htm, The Perkiomen Interceptor "is the system by which wastewater flows by gravity from the authority's six member municipalities to the Oaks Wastewater Treatment Plant," in Oaks, Pennsylvania.

7. 26 Pa. C.S. § 306(a) (1) ("Within 30 days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration of taking.")

440

raising the following issues:[8]

1. The declarations contain insufficient recital of the action by which the declaration of taking was authorized, as required by 26 Pa. C.S. § 302(b)(3).

2. The declarations contain an insufficient recital of the purpose of the condemnation, as required by § 302(b)(4) of the Eminent Domain Code, 26 Pa. C.S. §302(b).

While the condemnees did not assert in their preliminary objections that the authority's declarations were either related to or failed to comport with the participating municipalities then current or proposed Act 537 plan,[9] reference to that issue was subsequently raised in their Supplemental Brief, but failed to elicit a written response from the Condemnor. Nor, in fact, was the subject Act 537 Plan ever made part of the record in this case, as a result of which the trial court's familiarity with the Plan itself is extremely limited, and, by implication, its relevance to this discussion, in any event, remains unproven and thus of no particular import to the resolution of the issues presented in this case. Accordingly, after argument and a thorough

---

8. The trial court deems waived issues, previously asserted by condemnees in their preliminary objections, which were abandoned by counsel for condemnees at argument.

9. The Pennsylvania Sewage Facilities Act (Act 537), enacted on January 24, 1966, "requires that all Commonwealth municipalities develop and implement comprehensive official plans that provide for the resolution of existing sewage disposal problems, provide for the future sewage disposal needs of new land development and provide for the future sewage disposal needs of the municipality." See e.g., http://www. dep.state.pa.us/dep/deputate/watermgt/wqp/wqp_wm/537Map/537Plan. htm.

review of the record presented, the undersigned overruled the condemnees' preliminary objections by orders, dated November 12, 2010, following which the condemnees, in a timely manner, filed their notices of appeal with the Commonwealth Court of Pennsylvania. Thereafter, in response to the trial court's directive of January 14, 2011, the condemnees filed and served upon the undersigned two identical concise statements of matters complained of on appeal ("1925(b) statements"), presenting the following issues for review:

1. The court erred in overruling the appellant's preliminary objections to condemnor's declaration of taken [sic] which challenged the power of condemnor to condemn land for a permanent sanitary sewer easement an [sic] location that is inconstant [sic] with the approved Act 537 Plan.

2. Does condemnor have the power to condemn land in a location inconsistent with the approved Act 537 Plan and therefore confers no public benefit in violation of article 1, section 10, of the Pennsylvania Constitution.

## DISCUSSION

In eminent domain cases, the trial court is the fact finder and its findings will not be disturbed if supported by substantial evidence. In re Dept. of Transp., of the Right of Way for State Route 0202, Section 701, 871 A.2d 896, 900 n. 2 (Pa. Commw. Ct. 2005). Therefore, where

the trial court has overruled preliminary objections, the Commonwealth Court's scope of review is limited to a determination of whether the trial court committed an abuse of discretion or an error of law. Condemnation by *Valley Rural Elec. Co-op., Inc. v. Shanholtzer*, 982 A.2d 566, 570 n.4 (Pa. Commw. Ct. 2009) (Quoting *York City Redevelopment Auth. v. Ohio Blenders, Inc.*, 956 A.2d 1052, 1057 n. 4 (Pa. Commw. Ct. 2008)). In the context of eminent domain actions, preliminary objections are a mechanism to expeditiously resolve factual and legal challenges to a declaration of taking before the parties proceed to determine damages.

See 26 Pa. C.S. § 306(a). Finally, preliminary objections are the exclusive means of challenging the condemnor's authority, the declaration of taking itself, and any alleged procedural irregularities by the condemnor. 26 Pa. C.S. § 306(a).

In this case, the "irregularities" complained of appear now to center upon the condemnees' argument that the properties which are the subject of the Condemnor's declarations do not appear to be included within the scheme of the Condemnor's previously referenced, Act 537 plan. As indicated, Pennsylvania's Act 537 mandates that all Commonwealth municipalities develop and implement comprehensive sewage management plans.[10] However, in light of the condemnees' failure to provide the trial court

---

10. See e.g., http://www.dep.state.pa.us/dep/deputate/watermgt/wqp/wqp_wm/537Map/537Plan.htm.

with any legal authority to support their apparent contention that the declarations must comport with either a current or proposed Act 537 plan, the undersigned is not persuaded of any adverse impact or effect which such a plan might have upon the validity of the condemnor's declarations. Accordingly, the issues raised by the condemnees will be addressed only in the context of their presentation made within the condemnees' preliminary objections.

*The declarations Contain The Requisite Statutory Recitals of authority.*

As a municipal authority duly organized pursuant to the Pennsylvania Municipality Authorities Act, the Condemnor is vested with the power of eminent domain. See 53 Pa. C.S. § 5601, et seq.[11]; In re Condemnation of a Permanent Right-of-Way, 873 A.2d 14, 17-18 (Pa. Commw. Ct. 2005). In Pennsylvania, condemnation proceedings are governed by 26 Pa. C.S. § 101, et seq. ("Eminent Domain Code"). The condemnees' preliminary objections appear to stem from the condemnor's alleged failure to meet its statutory obligations under 26 Pa. C.S. § 302(b). Section 302(b) provides, in part:

(b) Contents. -- The declaration of taking shall be in writing and executed by the condemnor and shall be captioned as a proceeding in rem and contain the

___

11. 53 Pa. C.S. § 5607(d) "Powers. -- Every authority may exercise all powers necessary or convenient for the carrying out of the purposes set forth in this section, including, but without limiting the generality of the foregoing, the following rights and powers: (15) To have the power of eminent domain."

following:

(1) The name and address of the condemnor.

(2) A specific reference to the statute and section under which the condemnation is authorized.

(3) A specific reference to the action, whether by ordinance, resolution or otherwise, by which the declaration of taking was authorized, including the date when the action was taken and the place where the record may be examined.

(4) A brief description of the purpose of the condemnation.

26 Pa. C.S. § 302(b)(1)-(4).

The condemnees claim that the authority's declarations' did not comply with 26 Pa. C.S. § 302(b)(3), which requires that a condemnor include "[a] specific reference to the statute and section under which the condemnation is authorized." See 26 Pa. C.S. § 302(b)(3). Contrary, however, to that assertion, the condemnor met its statutory burden in each of the two instances under review by providing the following recitation:

This declaration of taking is authorized by the Municipality Authorities Act, 53 P.S. §5601 et seq., as amended, pursuant to Section 5607 of the Municipality Authorities Act, Title 53 Purdon's Pennsylvania Consolidated Statutes, Part V, Subpart A, Chapter 56, Section 5607, as amended, the authority is vested

with the necessary power and authority to acquire, by purchase or eminent domain, real property to furnish sewers, sewer systems or parts thereof, and sewage treatment works; and pursuant to section 5615 of the Municipality Authorities Act, Title 53 Purdon's Pennsylvania Consolidated Statutes, Part V, Subpart A, Chapter 56, Section 5615, as amended, the authority is authorized to acquire by purchase or eminent domain proceedings either the fee or the rights, title, interest or easement in such lands as the authority deems necessary to furnish sewers, sewer systems or parts thereof, and sewage treatment works.

[Condemnor's declarations, at ¶ 5 (emphasis added), filed on 12/23/09].

Furthermore, pursuant to 26 Pa. C.S. § 302(b)(3), the declarations contain "a specific reference to the action...by which the declaration of taking was authorized, including the date when the action was taken and the place where the record may be examined," by providing that:

The taking described herein is authorized by a Resolution passed by the Lower Perkiomen Valley Regional Sewer authority Board of Directors at a meeting of such Board held on December 17, 2009, after due and proper consideration of the contents thereof by the Board. A copy of the Resolution, including applicable exhibits, is attached hereto as Exhibit "A" and made a part hereof. The record of such Resolution may be examined at the offices of the

Condemnor. [Condemnor's declarations, at ¶ 6, filed 12/23/09 (emphasis added)]. Resolutions 2009-17 and 2009-18, referenced in the declarations, were filed simultaneously with the declarations on December 23, 2009.

In examining the scope of the specific statutory authority referenced by the Condemnor in its declarations, Title 53, Section 5607, which permits the Condemnor to proceed with projects such as the Perkiomen Creek Interceptor, states, in relevant part:

(a) Scope of projects permitted. -- Every authority incorporated under this chapter shall be a body corporate and politic and shall be for the purposes of financing working capital; acquiring, holding, constructing, financing, improving, maintaining and operating, owning or leasing, either in the capacity of lessor or lessee, projects of the following kind and character and providing financing for insurance reserves:

....

(5) Sewers, sewer systems or parts thereof.

(6) Sewage treatment works, including works for treating and disposing of industrial waste.

53 Pa. C.S. § 5607(a)(5), (6)(Emphasis added). Pursuant to section 5607, and as set forth in the its Resolution 2009-17, the Condemnor "is vested with the necessary power an authority to acquire, by purchase or eminent domain, real property to furnish sewers, sewer systems or parts

thereof, and sewage treatment works." [See condemnor's resolution 2009-17, adopted 12/17/09, at p.3]

As additional support for the declarations made in each of the two takings at issue, the Condemnor makes reference to section 5615 of title 53, which states, in relevant part:

a) Authorization. --

(1) Except as provided in paragraph (2), the authority shall have the power to acquire by purchase or eminent domain proceedings either the fee or the rights, title, interest or easement in such lands, water and water rights as the authority deems necessary for any of the purposes of this chapter. Water and water rights may not be acquired unless approval is obtained from the Department of Environmental Protection.

53 Pa. C.S. §5615(a)(1). Pursuant to section 5615, and as set forth in the Condemnor's Resolution 2009-17, it "is authorized to acquire by purchase or eminent domain proceedings either the fee or the rights, title, interest or easement in such lands as the authority deems necessary to furnish sewers, sewer systems or parts thereof, and sewage treatment works." [See Condemnor's Resolution 2009-17, adopted 12/17/09, at p.3]. Accordingly, the condemnees' preliminary objections to the declarations alleged noncompliance with § 302(b)(2) is meritless and, as such, the trial court properly rejected any such assertion made in support of those objections.

*The Declarations Contain The Requisite Statutory Recitals of Purpose.*

The condemnees claim further that the subject declarations lack sufficient recitals of purpose as required under 26 Pa. C.S. § 302(b)(4). However, as is easily revealed by only a cursory review of the declarations in question, the statutory requirement of inclusion therein of a clearly stated purpose was satisfied with the following explanation:

> The purpose of the condemnation is to acquire a temporary construction easement and a permanent sanitary sewer easement, which easements are necessary to expand, construct, improve, maintain and operate the authority's Perkiomen Creek Interceptor.

[Condemnor's declarations, at ¶ 7, filed 12/23/09]. The declarations' express explanation that these Takings were necessary for the expansion of the Perkiomen Creek Interceptor provides a statutorily sufficient articulation of purpose supporting the underlying takings. Therefore, the condemnees' preliminary objections were, in their reliance upon the declarations' failure to comply with 26 Pa. C.S. § 302(b)(4), ill-advised and unfounded.

As demonstrated, the authority fulfilled its statutory obligations and any contention by the condemnees that the declarations do not comport with current Act 537 Plan is insufficient to negate the legality of those declarations.

## CONCLUSION

In accordance with the aforementioned, the trial court believes that its orders, dated November 12, 2010, overruling the condemnees' preliminary objections, should be affirmed.