**In re Condemnation by Springettsbury Township of a right-of-way interest in a tract of land owned by York Drive-Ins Inc.**

*Donald H. Yost*, for condemnor.

*Lewis A. Grafman and Donn I. Cohen*, for condemnee.

MILLER, *J.*, February 8, 1988—This matter is before the court on condemnee's preliminary objections to condemnor's declaration of taking. Condemnee is Budco Theatres Inc., the successor by merger to .York Drive-Ins Inc. Condemnor is Springettsbury Township. We dismiss the preliminary objections.

On July 24, 1986, Springettsbury Township, a township of the second class in York County, Pa. adopted a resolution by vote of its board of supervisors, to authorize the filing of a declaration of taking of certain premises in the township owned by condemnee, for the purpose of extending Eastern Boulevard, a township road. The declaration of taking was filed in the Office of the Prothonotary of York County on March 31, 1987, and thereafter ,served on condemnee on April 3, 1987. Preliminary objections were filed on May 4, 1987 asking that the township's declaration of taking be dismissed.

Condemnee does not contend that a township of the second class lacks the power of eminent domain. It does, however, contend that the township can exercise that power only by enacting an ordinance to authorize the filing of a declaration of taking. Condemnee contends that the adoption of a resolution by the township is insufficient.

The precise question appears to be a matter of first impression, although there is appellate authority in other cases which we find compelling.

·. We first begin by considering the provisions of the Eminent Domain Code. Section 303 of that

code, 26, P.S . §1-303, after declaring that the code is intended to "provide a complete and exclusive procedure and law to govern all condemnations . . . ", states that the code is "not intended to enlarge or diminish the power of condemnation given by law to any condemnor." Section 402 of the code, 26 P.S. §1-402 treats the authorization to condemn as a concept separate from the actual taking, by requiring that the declaration of taking specifically refer "to the action, whether by ordinance, resolution or otherwise, by which the declaration of taking was authorized . . ."

The Commonwealth Court of Pennsylvania was faced with an argument similar to that raised by the present condemnee in the matter of *Jordan Appeal,* 73 Pa. Commw. 572, 459 A.2d 435 (1983). Referring to section 402 of the code, the court noted:

"The Joint State Government Commission comment to that section 402 confirms these distinctions among the concepts of power, authorization and taking procedure by stating:

" 'This section is not intended to enlarge or abridge the *power* of condemnation presently possessed by any condemnor, nor to change the method by which it proceeds to *authorize* a condemnation, such as by ordinance, resolution or otherwise. However, this section is intended to specifically provide that the actual *condemnation* is effectuated only by the filing in court of the declaration of taking pursuant to the required action by the condemnor to provide for the condemnation . . .' " 73 Pa. Commw. at 576, 459 A.2d at 437.(emphasis supplied)

The court determined that the mere reference to the word "resolution" in section 402(b)(3) of the code did not indicate that a non-legislative resolu-

tion is always proper, when the code commentary makes clear that the mode of authorization must be determined by reference to the law governing the condemnor. *Id.* The court held in *Jordan*, which involved a condemnation by a borough, that the Borough Code did not specify the methods by which Borough Council must authorize its officials to proceed under the Eminent Domain Code. While condemnee directed the court's attention to a provision in the Borough Code requiring the enactment of an ordinance for the opening of a street, the *Jordan* court concluded that "[t]he concept of opening a street is [not] synonymous with the concept of the eminent domain taking by which the interest in the land for the street is acquired." 73 Pa. Commw. at 577, 459 A.2d at 437-8. The court then concluded that a borough was not required to enact an ordinance in order to authorize the filing of a declaration of taking.

We note that neither the General Municipal Law of the Commonwealth of Pennsylvania nor the Second Class Township Code indicate the appropriate means of authorizing a declaration of taking by a township of the second class. The Commonwealth Court in *Speicher Condemnation Appeal*, 58 Pa. Commw. 321, 428 A.2d 282 (1981) implicitly recognized the power of a township of the second class to authorize a declaration of taking through the adoption of a condemnation resolution.

In *Speicher*, a township of the second-class exercised its eminent domain powers through the adoption of a resolution. After preliminary objections were filed by condemnee, the trial court allowed the township to amend its resolution to cure a technical error. On appeal, the Commonwealth Court discussed the power of the township to condemn land for the purpose stated in the resolution and declara-

tion of taking, concluding that such power in fact existed. While the precise issue raised by condemnee in this case was not raised in *Speicher,* we are satisfied that the Commonwealth Court by implication approved the procedural device of an authorizing resolution as the first step in the condemnation process by a township of the second class.

We therefore hold that Springettsbury Township was not required to enact an ordinance to authorize the filing of a declaration of taking and that the resolution actually adopted was sufficient in law to authorize that action.

Budco's second contention is that, in order to condemn its property for the extension of Eastern Boulevard, the township must comply with the provisions of the Second Class Township Code regarding the opening and extension of roads and highways. Having found that opening a street differs from taking by eminent domain, we are satisfied that the township followed the proper procedure to effectuate the taking.

Budco next argues that the township has failed to correctly allege its legislative authority for the declaration of taking, since the declaration itself states that it was authorized by a resolution adopted on July 24, 1986, but the minutes of the meeting of the board of supervisors of June 26, 1986, indicate that the resolution was adopted on that date. We are satisfied that, while preliminary action by motion was taken on June 26, the formal resolution authorizing the condemnation was not adopted until July 24. Accordingly, we see no need for the filing of an amended declaration of taking.

The fourth argument advanced by Budco is that the declaration of taking does not contain the re-

quired statement of how just compensation has been made or secured. The declaration does, however, state that just compensation and security for the condemnation are secured by the township's power of taxation pursuant to the Eminent Domain Code, 26 P.S. § 1-403(b). We find that such a statement adequately complies with the requirements of the Eminent Domain Code.

Budco's final contention is that the township's offer of one dollar is arbitrary and capricious and demonstrates palpable bad faith. While Budco contends that the township failed to conduct a preliminary evaluation of its property, the township maintains that it engaged T. R. Ahrens, a qualified appraiser, to appraise the value of the property. Furthermore, Budco asserts that the one dollar cannot justly compensate it for the damage it will suffer as a result of loss of property and construction of the roadway. The township's position is that Budco will more than recoup its losses when it discontinues the operation of the drive-in theatre and sells the property for commercial development. The record contains nothing to substantiate the allegations of either party. However, the Eminent Domain Code, 26 P.S. § 1-407, empowers the court to rule on the adequacy of the offer of compensation when condemnor seeks possession of the property or when condemnee seeks to compel condemnor to take possession. We, therefore, find that the issue of adequacy of compensation has been raised prematurely.

Accordingly, we enter the following

## ORDER

And now, February 8, 1988, condemnee's preliminary objections to condemnor's declaration of taking are hereby refused and dismissed.