650 A.2d 1197

**NORTH PENN WATER AUTHORITY**

v.

**A CERTAIN PARCEL OF LAND IDENTIFIED BY LAST KNOWN OWNER AND TAX PARCEL NUMBER AS MICHAEL H. MALIN AND DOROTHY SEIMEL MALIN (BLOCK NO. 052, UNIT 043, TAX PARCEL NO.: 35-00-06040-00-9.**

Appeal of Michael H. MALIN and Dorothy Seimel Malin, Appellants.

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1994.

Decided Nov. 22, 1994.

478

Michael H. Malin, for appellants.

Carl N. Weiner, for appellee.

Before COLINS, President Judge, and PELLEGRINI and NEWMAN, JJ.

PELLEGRINI, Judge.

Michael H. Malin and Dorothy Seimel Malin appeal the order of the Court of Common Pleas of Montgomery County (trial court) dismissing the Malins' preliminary objections to North Penn Water Authority's (North Penn) declaration of taking and granting North Penn a writ of possession.

In November of 1991, North Penn filed a declaration of taking for property owned by the Malins for the purpose of acquiring a permanent easement and right-of-way and a temporary construction easement for the construction, installation, maintenance and use of public water lines pursuant to the Municipal Authorities Act of 1945.[1]

The Malins filed preliminary objections to the declaration of taking raising North Penn's failure to file a notice to defend under Pa. R.C.P. No. 1018.1,[2] bad faith by North Penn in filing this declaration of taking without having paid just compensation on a prior declaration of taking that had been relin-

1. Act of May 2, 1945, P.L. 382, 53 P.S. § 314.
2. Rule 1018.1 of the Rules of Civil Procedure provides:
   Every complaint filed by a plaintiff and every complaint filed by a defendant against an additional defendant shall begin with a notice to defend in substantially the form set forth. . . .

quished,[3] that the condemnation was not in the public interest and was therefore violative of the Pennsylvania and United States Constitutions, the bond presented was inadequate and valueless, and the easement sought was excessive. North Penn filed a response to the preliminary objections denying that Pa. R.C.P. No. 1018.1 was applicable, arguing that the prior taking was irrelevant to this proceeding, that the taking was in the public interest, and that the bond was sufficient and properly posted under the Eminent Domain Code.[4]

The Malins then filed a motion to strike North Penn's response to their preliminary objections protesting to the language used by North Penn in one paragraph of its response and North Penn's argument that Pa. R.C.P. No. 1018.1 is inapplicable. Briefs were filed on the issue of whether a notice to defend was required with the notice of declaration of taking. On May 19, 1992, the trial court denied the motion to strike and dismissed that preliminary objection, finding that the declaration of taking was proper under Section 405 of the Eminent Domain Code, 26 P.S. § 1–405, and that Pa.R.C.P. 1018.1 does not apply.[5]

3. In 1981, North Penn filed a declaration of taking purportedly for property owned by the Malins but it misidentified the property. North Penn withdrew the condemnation but the parties are still litigating the just compensation payable to the Malins for the invalid condemnation.

4. Section 403(a) of the Eminent Domain Code, Act of June 22, 1964, P.L. 84, Sp.Sess., 26 P.S. § 1–403(a), states:

Except as hereinafter provided, every condemnor shall give security to effect the condemnation by filing with the declaration of taking its bond, without surety, to the Commonwealth of Pennsylvania for the use of the owner or owners of the property interest condemned, the condition of which shall be that the condemnor shall pay such damages as shall be determined by law.

5. Section 405 of the Eminent Domain Code, 26 P.S. § 1–405, provides that written notice must be sent within 30 days of the filing of a declaration of taking. The notice must include the caption of the case, the date of filing and the court term and number, the name of the condemnees, the name and address of the condemnor, a reference to the statute authorizing the take, a reference to the ordinance or resolution authorizing the specific take, a description of the purpose of the take, an identification of the property and the area of the taking, the title required, a statement of the location of the plan for inspection, a statement of how just compensation is secured, and a statement that a

North Penn filed a praecipe for argument on the remaining preliminary objections. Because there was no response from the Malins, North Penn then filed a motion to dismiss the preliminary objections due to the Malins' failure to file a brief in support of their preliminary objections, in violation of Montgomery County Local Rule of Civil Procedure 302(f).[6]

Several months later, North Penn filed a petition for writ of possession stating that it made an offer of $2,000 as just compensation but the Malins did not respond to the offer and withheld possession. The Malins filed preliminary objections to the petition for writ of possession arguing that preliminary objections remained, the offer was grossly inadequate because they have an estimate of damages at over $24,000, and the offer was made in bad faith because there are pending proceedings in the 1981 taking. North Penn answered the preliminary objections to the writ of possession arguing that the previous preliminary objections should be dismissed for the Malins' failure to file a brief, and that under Section 407(a) of the Eminent Domain Code, there are no "pending preliminary objections warranting delay" to prevent the writ of possession.[7]

challenge to the power or right of the condemnor, the sufficiency of the security or the procedures followed, must be filed within 30 days.

6. Montgomery County Rule 302(f) provides, in relevant part:

The brief of the moving party shall be filed within thirty (30) days of the date of filing of the praecipe for argument unless otherwise directed by the judge assigned to the case.... If the brief of either the moving party or the respondent is not timely filed, the judge assigned to the case may:
 (1) Dismiss the motion, petition or preliminary objections where the moving party has failed to comply.
 ....

7. Section 407(a) of the Eminent Domain Code, 26 P.S. § 1–407(a), provides:

If a condemnee thereafter refuses to deliver possession or permit right of entry, the prothonotary upon praecipe of the condemnor shall issue a rule ... to show cause why a writ of possession should not issue, upon which *the court, unless preliminary objections warranting delay are pending, may issue a writ of possession* conditioned upon payment to the condemnee or into court of such estimated just

■ After briefs were filed by both parties, the trial court dismissed the Malins' preliminary objections to the declaration of taking for their failure to file a brief in compliance with local rules. In its September 2, 1993 order, the trial court also granted the petition for writ of possession because there were no pending preliminary objections warranting delay and because there was no evidence that the offer of estimated just compensation was made either fraudulently or in palpable bad faith. The Malins then filed this appeal to both orders dismissing their preliminary objections.[8]

The Malins contend that the Rules of Civil Procedure do apply and the original filing did require a notice to defend. They also contend that the trial court should not have dismissed their preliminary objections to the declaration of taking under a local rule. They argue that the trial court was required to hold an evidentiary hearing before dismissing the preliminary objections and granting the writ of possession. They contend that in their answer to North Penn's petition for writ of possession, they asserted that the estimated just compensation was so inadequate as to be in palpable bad faith. Finally, they assert that the proceedings denied them due process.

■ Before addressing the merits of the Malins' appeal, North Penn argues that the trial court's May 19, 1992 order dismissing the one preliminary objection to the lack of a notice to defend is a final order and the Malins' appeal to that order was not timely filed. Although the dismissal of preliminary objections to a declaration of taking are generally final orders by the trial court, the May 1992 order was not a final order because it specifically addressed only one procedural objection and the decision on that one issue did not put the Malins out

compensation and on such other terms as the court may direct. (Emphasis added).

8.   In eminent domain cases, this court's scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. *Appeal of Heim*, 151 Pa.Commonwealth Ct. 438, 617 A.2d 74 (1992), *petition for allowance of appeal denied*, 535 Pa. 625, 629 A.2d 1385 (1993).

of court. *Appeal of Hanni,* 420 Pa. 289, 292, 216 A.2d 774, 776 (1966). In *Hanni,* the Supreme Court stated: "the Court of Common Pleas is empowered to make preliminary Orders or final Orders relating to preliminary objections, and either party may appeal from a final Order. . . . When the Order of a lower Court so restricts a party's further action as virtually to put (him or) it out of Court upon the question or cause which is being litigated, the Order is final and therefore appealable." (Emphasis omitted). *See Estate of Rochez,* 126 Pa.Commonwealth Ct. 59, 64, 558 A.2d 605, 608 (1989), *petitions for allowance of appeal denied,* 525 Pa. 605, 606, 575 A.2d 570, 571 (1990).[9] Because the trial court's May 19, 1992 order was interlocutory, no appeal was required to be filed from that order until the Malins were out of court entirely on their preliminary objections to the declaration of taking.

As to the substance of the Malins' appeal, they first contend that the trial court erred in dismissing their preliminary objection to North Penn's failure to attach a notice to defend to the declaration of taking. under Pa. R.C.P. No. 1018.1. As held by the trial court, however, the Rules of Civil Procedure do not apply to eminent domain proceedings. *Appeal of McCoy,* 153 Pa.Commonwealth Ct. 504, 621 A.2d 1163 (1993); *Appeal of Edgewood Building Company, Inc.,* 43 Pa.Commonwealth Ct. 91, 402 A.2d 276 (1979). The Malins argue that Rule 1018.1 was intended to apply to all complaints. *See* Explanatory Comment to Pa. R.C.P. No. 1018.1. However, they have pointed to nothing within the Rules of Civil Procedure or the Eminent Domain Code that defines a declaration of taking under the Code as a complaint. To the contrary, the Eminent Domain Code is the exclusive procedure for giving notice to a condemnee of the declaration of taking. *Appeal of Edgewood; see* Section 303 of the Eminent Domain Code, 26 P.S. § 1–303. Although a notice to defend

---

9. North Penn also argues that the May 19, 1992 order was final under Pa. R.A.P. 311(e). However, the amendment to Rule 311 adding subsection (e) only affects orders in actions commenced after July 6, 1992, or orders entered on or after March 1, 1994, regardless of the date the action was commenced. *See Continental Bank v. Andrew Building Co.,* 436 Pa.Superior Ct. 559, 648 A.2d 551 (1994).

would provide additional information, Section 405 of the Eminent Domain Code, 26 P.S. § 1–405(c)(12), does require that the notice to condemnees inform them that if they wish to challenge the condemnation, they must file preliminary objections within 30 days after being served with the notice of condemnation.[10]

■ The Malins also contend that the trial court erred in dismissing their remaining preliminary objections to the declaration of taking based on a local rule. They argue that the exclusive procedures are those provided under Section 406 of the Eminent Domain Code. North Penn counters that local rules do apply because it is necessary to have a framework in order to have cases promptly heard and resolved. It argues that the Malins failed to comply with the rule by not filing their brief until several months after it was due and, therefore, the trial court had discretion to dismiss the preliminary objections.

■ Preliminary objections in the context of eminent domain actions serve a very different purpose than preliminary objections filed in other civil actions under the Rules of Civil Procedure. *Department of Transportation v. Florek*, 71 Pa.Commonwealth Ct. 615, 455 A.2d 1263 (1983). In eminent domain cases, preliminary objections under Section 406 serve a broader purpose and are intended as a procedure to resolve expeditiously the factual and legal challenges to the declaration of taking before the parties move to the second distinct proceeding for determining damages. *Jacobs v. Nether Providence Township*, 6 Pa.Commonwealth Ct. 594, 297 A.2d 550 (1972). *See Appeal of Hanni*, 420 Pa. at 293–295, 216 A.2d at

**10.** Moreover, even if Rule 1018.1 applied, there is no requirement that the declaration of taking must be set aside on that basis. The only result where a complaint does not include the notice to defend in compliance with Pa. R.C.P. No. 1018.1 is that no responsive pleading need be filed. *Gerber v. Emes*, 354 Pa.Superior Ct. 75, 511 A.2d 193 (1986). This court has previously stated that even where no notice to defend is given in the complaint, a defendant may still be required to file preliminary objections or an answer containing a new matter to assert a lack of personal jurisdiction which can be waived if not pleaded by the defendant. *Lautek Corp. v. Unemployment Compensation Board of Review*, 136 Pa.Commonwealth 79, 84 n. 5, 583 A.2d 7, 9 n. 5 (1990).

777 (concurring opinion) (Section 406 provides an immediate device to determine the basic power or right to condemn). Section 406(e) of the Eminent Domain Code, 26 P.S. § 1–406(e), provides that the trial court should promptly determine all preliminary objections and make the appropriate orders and that "[i]f an issue of fact is raised, the court shall take evidence by deposition or otherwise".

This court has previously found that preliminary objections may not be dismissed under a local rule where factual issues have not been decided. In *Werts v. Luzerne Borough Authority*, 15 Pa.Commonwealth Ct. 631, 329 A.2d 335 (1974), the trial court dismissed condemnees' preliminary objections for failure to file a brief under a local rule when the case was listed for argument, even though the condemnees specifically contended that argument on the legal issues was inappropriate before evidence was taken on the factual issues. We reversed and remanded the case for the taking of evidence, holding because that there were factual issues, an evidentiary hearing was required before legal argument was heard. We stated that although the court has a legitimate interest in the speedy administration of justice, because preliminary objections are uniquely important in eminent domain cases, a hearing or depositions must be held on the factual issues. *Id.* at 634, 329 A.2d at 336 (citing *Appeal of Hanni*).

Similarly, in *Florek*, we held that an eminent domain action alleging a de facto taking required that the trial court take evidence, either by deposition or in a hearing, and reversed a dismissal under the local rules because the case should have been listed for hearing rather than arguments.[11]

11. However, where factual issues are not implicated and the local rule relied on is not in conflict with the Eminent Domain Code, the local rules have been determinative. For example, in *City of Pittsburgh Appeal*, 109 Pa.Commonwealth Ct. 545, 531 A.2d 588 (1987), the trial court transferred an appeal from a board of viewers award to a panel of arbitrators. The Eminent Domain Code merely implied that the trial court must hear the appeal from the board of viewers without specifically addressing the matter; therefore, we held that under the local rule which stated that eminent domain cases were not subject to the transfer to arbitration rules, the transfer was improper. *Id.* Also, in *Sporer v. Commonwealth, Department of Transportation*, 122 Pa.Commonwealth

In this case, the Malins raised in the preliminary objections to the declaration of taking, among other things, that the easement sought by North Penn was excessive and that the bond presented was inadequate and valueless.  In *Appeal of McKonly*, 152 Pa.Commonwealth Ct. 211, 618 A.2d 1169 (1992), we held that when raised by the preliminary objections, whether the proposed taking is excessive raises an issue of fact and the court must take evidence on that issue.  Likewise, in *Milas Appeal*, 36 Pa.Commonwealth Ct. 1, 387 A.2d 183 (1978), we held a challenge to the sufficiency of a bond is a factual issue which must be examined with the aid of a factual record.  Because the Malins' preliminary objections to the declaration of taking raised factual issues, the trial court was required by Section 406 to take evidence on those issues before deciding the preliminary objections.  Therefore, reliance on the Local Rule 302(f) to dismiss the preliminary objections was improper.[12]  Accordingly, we reverse the September 2, 1993 order of the trial court dismissing the preliminary objections to the declaration of taking and granting the writ of possession.

## ORDER

AND NOW, this 22nd day of November, 1994, the order of the Court of Common Pleas of Montgomery County, No. 92–21299, dated May 19, 1992, is affirmed; the order in the same matter dated September 2, 1993, No. 2008 October Term 1988,

Ct. 263, 552 A.2d 313 (1988), we affirmed the trial court's dismissal of a petition for appointment of viewers for failure to prosecute the case with due diligence.  The trial court found entry of non pros was appropriate because the condemnees had virtually abandoned their action for three years and the prejudice to PennDOT was deemed admitted by the local rules.  The opinion in *Sporer* is distinguishable from this case because it was PennDOT who had pending preliminary objections rather than the condemnees, the party who delayed the proceedings.

12. Because of our decision that the preliminary objections to the declaration of taking should not have been dismissed without the taking of evidence on the factual issues, neither should the preliminary objections to the writ of possession be dismissed because under Section 407 of the Eminent Domain Code, there were pending preliminary objections.

is reversed and the case is remanded for the taking of evidence on the factual issues in accordance with the attached opinion.

Jurisdiction relinquished.