In the Matter of CONDEMNATION OF PROPERTY SITUATE IN PERRY TOWNSHIP, Fayette County, Pennsylvania

By the Perry Township Supervisors

For Perry Township Requirements

Appeal of: Amos L. Rager and Roberta Rager.

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 2007.

Decided Dec. 4, 2007.

Thomas J. Dempsey, Pittsburgh, for appellants.

Donald J. McCue, Connellsville, for appellee, Perry Township Supervisors.

BEFORE: LEADBETTER, President Judge, and COLINS, Judge, and McGINLEY, Judge, and SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge McGINLEY.

Amos and Roberta Rager (Condemnees) appeal from the order of the Court of Common Pleas of Fayette County (trial court) that dismissed their preliminary objections to the declaration of taking filed by Perry Township (Township).

On July 5, 2005, at a regular, duly-advertised meeting, Perry Township Supervisors adopted Resolution No.2005–03 which authorized the condemnation of Condemnees' vacant lot and building (Property) and directed the Township's solicitor to file a Declaration of Taking for the purpose of obtaining fee simple title to the Property.[1] The Township sought the Property, which was located next to its municipal building, for use as a repair and maintenance shop and storage facility.[2]

Pursuant to Resolution 2005–03, the Township's solicitor filed a Declaration of Taking at G.D. No. 2175 of 2005 in the Court of Common Pleas of Fayette County on September 1, 2005.

Condemnees filed preliminary objections pursuant to Section 406 of the Eminent Domain Code, 26 P.S. § 1–406, and challenged the Township's "power and right" to appropriate the Property, and the "propriety of the procedure." Preliminary Objections to the Declaration of Taking, October 18, 2005, at 1; R.R. at 9.[3] Specifically, Condemnees asserted that (1) the Township's authorization for the condemnation was a nullity because it was by resolution, not by ordinance; (2) the Township failed to advertise, in a newspaper of general circulation, the proposed enactment of an ordinance or resolution condemning their Property; and (3) the Township failed to hold a public hearing at which Condemnees and/or the citizenry of the Township could have input into the Township's need to condemn the Property.

Discovery was conducted and a hearing was held on May 15, 2006, during which stipulations, counter stipulations and testimony were presented. On August 20, 2006, the trial court dismissed Condemnees' preliminary objections.

■ On appeal[4], Condemnees challenge the manner in which the Township Board of Supervisors authorized the Declaration of Taking. They assert that second class townships must adopt an ordinance, not a resolution, to authorize a condemnation, and since the advertising and disclosure requirements of proposed ordinances were not met, the declaration of taking was void.

---

1. Second class townships have authority to condemn private property for public use pursuant to Article I, Section 10 of the Pennsylvania Constitution and Section 2201 of The Second Class Township Code, 53 P.S. § 67201, Act of May 1, 1933, P.L. 103, *as amended.*

2. The Property consisted of a lot with a "dilapidated" building that the Township wished to "remove, improve, upgrade, and correct." Declaration of Taking, dated August 31, 2005, (Declaration of Taking) at 3; Reproduced Record (R.R.) at 6a.

3. The original Declaration of Taking contained a typographical error and an Amended Declaration of Taking was filed.

4. This Court's review in eminent domain cases is limited to determining whether the trial court abused its discretion or committed an error of law. *North Penn Water Authority v. A Certain Parcel of Land,* 168 Pa.Cmwlth. 477, 650 A.2d 1197 (1994).

First, Condemnees contend that an *ordinance* is void *ab initio* unless it strictly complies with the publication requirements of Section 1601 of The Second Class Township Code, 53 P.S. § 66601. *Lower Gwynedd Township v. Gwynedd Properties, Inc.*, 527 Pa. 324, 591 A.2d 285 (1991). In *Lower Gwynedd Township*, the municipality passed an ordinance that authorized the condemnation of certain property, which did not strictly comply with the advance publication requirements. Our Supreme Court held the ordinance void *ab initio*. *Id.* This Court finds Condemnees' reliance on *Lower Gwynedd Township* is misplaced.

*Lower Gwynedd* would apply if the Township had enacted an *ordinance* authorizing the condemnation. If it had, then *Lower Gwynedd* requires a second class township to comply with the publication requirements of an ordinance. The holding is inapposite, however, because the Township here did not adopt an ordinance to authorize the condemnation; instead, it proceeded by resolution. While the Township could have chosen to authorize the Declaration of Taking by ordinance, it did not. The publication requirements for an ordinance under Section 1601 of The Second Class Township Code, 53 P.S. § 66601, are irrelevant. The question before this Court is whether a second class township must enact an ordinance to authorize a condemnation, as opposed to a resolution.

■ The law is clear that a Second Class Township may authorize a declaration of taking by resolution and that the statutory formalities required for the passage of an ordinance are not required to authorize a condemnation. *In re Land Owned by Wexford Plaza Associates*, 674 A.2d 1204 (Pa.Cmwlth.1996); *Appeal of Heim*, 151 Pa.Cmwlth. 438, 617 A.2d 74 (1992), *appeal denied*, 535 Pa. 625, 629 A.2d 1385 (1993), relying on *Jordan Appeal*, 73 Pa.Cmwlth. 572, 459 A.2d 435 (1983); *In re Condemnation by Springettsbury Township of a right-of-way interest in a tract of land owned by York Drive–Ins Inc.*, 50 Pa. D. & C.3d 557 (1988); *Mowery v. Township of Warrington*, 8 Pa.D & C.4th 126 (Pa.Com.Pl.1990); and *Cheltenham Township v. Vecchione*, 96 Montg. Co. L.R. 388 (1973).

In *Appeal of Heim*, the landowners had argued that a declaration of taking under The Second Class Township Code, authorized by resolution, was invalid because it should have been authorized by ordinance. The Second Class Township Code did not specify which procedure authorized a declaration of taking. This Court held that a resolution was sufficient because, as in *Jordan Appeal*,[5] The Second Class Township Code was silent on the procedure to be followed. While an ordinance was necessary to open a road, a resolution was sufficient to authorize the acquisition of the land upon which the road would be laid.

In *Wexford Plaza*, while the Township was a home rule municipality, it followed The Second Class Township Code for a condemnation proceeding. *Wexford Plaza*, 674 A.2d at 1206. In that case, this Court reaffirmed the holding of *Appeal of Heim* that a resolution was appropriate for the township to condemn. *Id.*

In *Springettsbury Township*, it was held that neither the Eminent Domain Code nor the former Second Class Township Code required a second class township to

---

5. *Jordan Appeal* involved The Borough Code, Act of February 1, 1966, P.L (1965) 1656, *as amended*, 53 P.S. §§ 45101–48501, but this Court held in *Appeal of Heim* the interpretation of The Borough Code to be analogous to that of The Second Class Township Code, which controls in this case. *Appeal of Heim*, 617 A.2d at 77.

enact an ordinance to authorize the filing of a declaration of taking, and that a resolution was sufficient. 50 Pa. D. & C.3d 557.

In *Jordan*, the Borough of White Oak took part of a road, pursuant to a resolution, by eminent domain. The borough council adopted a resolution that had authorized the filing of a declaration of taking for the acquisition of the land. The landowner filed preliminary objections and asserted that the Borough was required to proceed by ordinance rather than by resolution, to afford public notice and an opportunity for a hearing before council in accordance with the Borough Code, governing the authority to open streets. The common pleas court dismissed the preliminary objections concluding that a resolution was sufficient to authorize a declaration of taking because the opening of a street was different from an eminent domain action.

Further, the Eminent Domain Code, 26 Pa.C.S. §§ 101–1106, provides that a declaration of taking must contain "[a] specific reference to the action, whether by ordinance, *resolution* or otherwise, by which the declaration of taking was authorized." 26 P.S. § 1–402(b)(3). The comment by the Joint State Government Commission to this Section of the Eminent Domain Code provided that it "is not intended to enlarge or abridge the power of condemnation presently possessed by any condemnor, nor to change the method by which it proceeds to authorize a condemnation, such as by *ordinance, resolution, or otherwise.*" (Emphasis added) 26 P.S. § 1–402, comment. The General Assembly, when it enacted the Eminent Domain Code specifically recognized that declarations of taking may be authorized by either resolution or ordinance. In using both terms, the General Assembly specifically and expressly authorized either procedure. Here, the

Township proceeded to adopt a resolution that authorized the solicitor to file the declaration. This Court finds no error.

■ Condemnees nevertheless contend that because an eminent domain appropriation is an act legislative and permanent in nature, whether by ordinance or resolution, the authorization for the declaration of taking must meet the same formal requirements of an ordinance. Condemnees have pointed to no case which holds that a resolution which merely expresses a municipality's intent to acquire land pursuant to its power of eminent domain constitutes a "legislative enactment." A condemnation resolution may be used to authorize a taking and it is merely the vehicle by which the condemning authority makes it known that it intends to acquire the property pursuant to its power of eminent domain.

■ This Court also notes that preliminary objections to a condemnor's power and right to condemn are limited to "challenging the condemning authority's grant of power from the legislature through appropriate enabling statutes." Section 406 of the Eminent Domain Code, 26 P.S. § 1–406. Condemnees argue that Section 406(a)(3) authorizes a challenge to "any other procedure used by the condemnor." Condemnees challenge the Township's failure to notify the public that it intended to approve the resolution at its regular meeting. Section 406 has been interpreted to mean "procedures such as are set forth in Sections 403 and Section 405 inclusive, and other procedures that may be *directly related to the filing of the declaration of taking.*" *Simco Stores v. Redevelopment Authority*, 455 Pa. 438, 317 A.2d 610 (1974). It does not include challenges to the "authorizing procedure." *In re Jordan's Appeal*, 459 A.2d at 439; *see also In re Condemnation of Real Estate by the Borough of Ashland, Schuylkill County,*

851 A.2d 992 (Pa.Cmwlth.2004), where the condemnees alleged that Ashland Borough committed certain improprieties in advertising a borough meeting and alleged that the members of the public had been deprived of an opportunity to speak on the issue of the condemnation of their property. This Court affirmed the dismissal of preliminary objections to the declaration of taking based on alleged improper and illegal violations of the Right to Know Act and the Sunshine Law because objections to condemnees' power and right were limited to challenging the condemnor's grant of power from the legislature; and *Appeal of Gaster*, 124 Pa.Cmwlth. 314, 556 A.2d 473 (1989), holding landowners' challenge to Department of Transportations condemnation of their property to replace wetlands destroyed by highway construction on ground that Department's choice of replacement site did not comply with federal environmental procedures was not proper subject of preliminary objection to the taking; objection was one of collateral nature.

Here, the failure to comply with the notice and publishing requirements of an ordinance was a challenge to a collateral procedure, which related to the advertising of a township meeting and was not directly related to the filing of the declaration of taking. It was not the proper subject of a preliminary objection. In any event, Condemnees' challenge to the Township's decision not to adopt an ordinance, but instead to proceed by Resolution No.2005–03 is without merit.

Because the trial court did not abuse its discretion and applied the clear law of the Commonwealth that a resolution is sufficient to authorize a declaration of taking, this Court must affirm the order of the trial court.

Judge COLINS dissents.

***ORDER***

AND NOW, this 4th day of December, 2007, the order of the Court of Common Pleas of Fayette County in the above captioned matter is affirmed.