IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation by the    :
Pennsylvania Turnpike Commission    :
of Property Located in the Borough    :
of West Mifflin, County of Allegheny,    :
Commonwealth of Pennsylvania,    :   No. 1167 C.D. 2021
for the Construction of the    :   Submitted: July 29, 2022
Mon-Fayette Expressway, PA Route 51 :
to I-376 Project, a Partial Take (Part of  :
Block and Lot Nos. 239-D-20,    :
239-D-25 and 239-D-30)    :
    :
Appeal of: IBIS Kennywood, LLC    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                  FILED: December 29, 2022

        IBIS Kennywood, LLC (Condemnee) appeals from the order overruling its preliminary objections to the declaration of taking of Condemnee's land filed by the Pennsylvania Turnpike Commission (Condemnor). Condemnee claims that the Court of Common Pleas of Allegheny County (trial court) failed to consider issues of fact raised in Condemnee's preliminary objections and render the findings of fact required by the Eminent Domain Code.[1] We vacate and remand with instructions directing the trial court to resolve whether Condemnor satisfied 26 Pa.C.S. § 305(c)(9), which requires, in the case of a partial taking, that proper notice to a condemnee includes a plot plan showing the condemnee's entire property and

---

[1] 26 Pa.C.S. §§ 101-1106.

the area taken.[2]  We also dismiss Condemnee's applications for remand and oral argument as moot.[3]

## I. BACKGROUND

An extensive discussion of the background is unnecessary.  On March 31, 2021, Condemnor filed a declaration of taking against Condemnee, which owns and operates a mall on the land.  The declaration temporarily and permanently acquired portions of Condemnee's land to elevate Hoffman Boulevard, which provides direct access into the mall.  Condemnor's declaration attached plot plans, which identify and describe the taken property.  Decl. of Taking, 3/31/21, Ex. B.  Condemnor timely served on Condemnee a notice of condemnation, which attached four pages of the plot plans.  *See* Aff. of Serv., 4/19/21.

Condemnee timely filed preliminary objections, including on the basis that the plot plans did not comply with 26 Pa.C.S. § 305(c)(9).  Prelim. Objs., 4/30/21, ¶ 13.  Following discovery ordered by the trial court,[4] the court overruled

---

[2] A plot plan "shows a proposed or present use of a plot of land . . . ."  *Plot Plan*, Black's Law Dictionary (11th ed. 2019).  We add that the instant plot plans, as well as hundreds of other record pages, are almost indecipherable due to the poor quality of both the electronic certified and hardcopy reproduced record.  *See, e.g.*, Trial Ex. H, 2/17/22.  We remind the parties that to the extent plans are at issue, the parties should comply with Pa.R.A.P. 2134, which essentially requires copies of the instant 11" x 17" plot plans be "folded the same size as the brief," unlike here, when they were electronically reduced to near-illegibility.  Pa.R.A.P. 2134.

[3] During the pendency of this appeal, Condemnee filed an application for remand referencing Condemnor's June 23, 2022 letter to Condemnee, which purportedly summarized design changes.  Condemnee's Appl. for Remand, 10/5/22.  Condemnee also filed an application for oral argument.  Condemnee's Appl. for Oral Arg., 10/24/22.  Because of our disposition, we dismiss Condemnee's applications as moot.

[4] Unlike the preliminary objections typically seen in civil litigation, Section 306(f) of the Eminent Domain Code requires the trial court to "take evidence by depositions or otherwise" if "an issue of fact is raised."  26 Pa.C.S. § 306(f) & cmt. (explaining that the intent of this Section is "that the exclusive method of challenging . . . the declaration of taking and procedure shall be by preliminary objections").  Therefore, the trial court ordered discovery and a viewing of the
(Footnote continued on next page…)

2

Condemnee's preliminary objections, reasoning that Condemnee sought information collateral to the declaration. *See* Order, 10/1/21; Trial Ct. Op., 12/7/21, at 8-11. Condemnee timely appealed and timely filed a Pa.R.A.P. 1925(b) statement.

## II. DISCUSSION[5]

Condemnee raises only one issue on appeal: whether this Court should remand because the trial court failed to consider issues of fact and make the findings of fact necessary to resolve Condemnee's preliminary objection.[6] Condemnee's Br. at 4, 9-23 (asserting several deficiencies in the plot plans that, in Condemnee's view, raised issues of fact).

Before explaining how the trial court erred, we briefly summarize the applicable law. A condemnor initiates a condemnation by filing a declaration of taking in the applicable court of common pleas. *See generally* 26 Pa.C.S. § 302(a), (b) (identifying the contents for a declaration of taking). A declaration of taking must describe the condemned property "sufficient[ly] for identification" but does not necessarily require a plot plan. *In re Condemnation by Dep't of Transp., of Right-of-Way for State Route 0079, Section 290, a Ltd. Access Highway in the Twp.*

---

property. Order, 6/17/21. Condemnee deposed, among others, Thomas Lench, one of Condemnor's engineers. At Lench's deposition, over 300 pages of detailed plans regarding the proposed construction, including the plot plans, were attached as exhibits. *See* Notes of Testimony (N.T.) Lench Dep., 7/20/21, Exs. A-H. Following the close of discovery, the trial court stated it would not hold a hearing and would decide the case on the briefs, transcripts, and exhibits. Order, 8/20/21.

[5] An order overruling preliminary objections in an eminent domain action is appealable as an interlocutory order. *N. Penn Water Auth. v. A Certain Parcel of Land*, 650 A.2d 1197, 1200 (Pa. Cmwlth. 1994); *accord* Pa.R.A.P. 311(e). Our standard of review is abuse of discretion and our scope of review is plenary. *Middletown Twp. v. Lands of Stone*, 939 A.2d 331, 335 n.3 (Pa. 2007) (plurality).

[6] Condemnee has not challenged the trial court's disposition of its other preliminary objections.

*of Cranberry*, 805 A.2d 59, 64 (Pa. Cmwlth. 2002) (*Cranberry*).[7]

The condemnor must then serve the condemnee written *notice* of the declaration of taking. 26 Pa.C.S. § 305(a) (stating that "[w]ithin 30 days after the filing of the declaration of taking, the condemnor shall give written notice of the filing to the condemnee"). A notice must include in "the case of a partial taking, a plot plan showing the condemnee's entire property and the area taken." *Id.* § 305(c)(9).

A condemnor can comply with the notice requirement by serving on a condemnee a copy of the declaration of taking "together with the information" required by Section 305(c)(9). *Id.* § 305(d). Therefore, if a partial taking is at issue, then a condemnor may include a plot plan and property plat as part of its *declaration* of taking, even though they are not required by Section 302(b). *See id.*; *W. Whiteland Assocs. v. Dep't of Transp.*, 690 A.2d 1266, 1269 (Pa. Cmwlth. 1997) (*Whiteland*).[8] The *Whiteland* Court observed that it "is only by reference to such plans that one can determine what property is the subject of condemnation and, in the case of a partial taking, what part of a property has been taken." *Whiteland*, 690 A.2d at 1269 (citation omitted).

Upon receiving the condemnor's *notice*, the condemnee may file preliminary objections to the *declaration* of taking. 26 Pa.C.S. § 306(a)(1). The condemnee may challenge the "declaration of taking" and "[a]ny other procedure

---

[7] For example, the *Cranberry* Court held that a property was sufficiently described when the declaration identified the deed book containing the deed of the condemned property and the "pages where a plot plan are recorded in the Recorder's Office." *Cranberry*, 805 A.2d at 64; *see generally Schaeffer v. Frey*, 589 A.2d 752, 757 (Pa. Super. 1991) (defining "deed book" as the "primary means of permanently recording deeds and other instruments for future reference" (footnote omitted)).

[8] *See generally Plat Map*, Black's Law Dictionary (11th ed. 2019) (explaining that a "property plat" depicts the boundaries of the land).

followed by the condemnor," among other grounds. *Id.* § 306(a)(3)(iii)-(iv). The phrase "any other procedure" includes the notice requirements set forth in Section 305. *Simco Stores, Inc. v. Redevelopment Auth. of City of Phila.*, 302 A.2d 907, 910 (Pa. Cmwlth. 1973) (*per curiam*) (construing substantially identical statutory predecessor to Eminent Domain Code and holding that the "term 'any other procedure' refers to procedures such as are set forth in Sections [303 to 305], inclusive"); *accord In re Condemnation of Prop. Situate in Perry Twp.*, 938 A.2d 517, 520 (Pa. Cmwlth. 2007) (*en banc*); *see also* 26 Pa.C.S. § 305(c)(9).

Here, the trial court reasoned that Condemnee was requesting information outside the scope of the *declaration*. *See* Trial Ct. Op. at 9-10 (quoting 26 Pa.C.S. § 302(b)). The trial court overlooked that Condemnee may challenge the sufficiency of the Section 305 *notice*, which requires a plot plan where, as here, a partial taking is at issue. *See* 26 Pa.C.S. § 305(c)(9); *Simco Stores*, 302 A.2d at 910. The trial court's opinion therefore did not address whether Condemnor's plot plans complied with Section 305(c)(9). Because the trial court misapprehended the law, we remand to have the trial court resolve whether Condemnor's plot plans complied with 26 Pa.C.S. § 305(c)(9).[9]

### III. CONCLUSION

For these reasons, we vacate the trial court's order overruling Condemnee's preliminary objections to Condemnor's declaration. We remand to

---

[9] The trial court relied on *Milford Traumbauersville Area Sewer Auth. v. Approximately 0.753 Acres of Land*, 358 A.2d 450 (Pa. Cmwlth. 1976), which resolved a challenge to the *declaration* of taking, unlike the *notice* of taking at issue here. *Milford*, 358 A.2d at 451.

the trial court to determine whether Condemnor's plot plans comply with 26 Pa.C.S. § 305(c)(9) and issue an order resolving Condemnee's preliminary objections.[10]

_____

LORI A. DUMAS, Judge

---

[10] This Court has previously addressed the sufficiency of a plot plan in at least one case. *See, e.g.*, *Condemnation by N. Strabane Twp. Mun. Auth., Wash. Cnty.* (Pa. Cmwlth., No. 1152 C.D. 2016, filed Aug. 18, 2017) (unpublished), 2017 WL 3567913.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation by the                    :
Pennsylvania Turnpike Commission              :
of Property Located in the Borough            :
of West Mifflin, County of Allegheny,         :
Commonwealth of Pennsylvania,                 :   No. 1167 C.D. 2021
for the Construction of the                   :
Mon-Fayette Expressway, PA Route 51           :
to I-376 Project, a Partial Take (Part of     :
Block and Lot Nos. 239-D-20,                  :
239-D-25 and 239-D-30)                        :
                                              :
Appeal of: IBIS Kennywood, LLC                :

# **O R D E R**

AND NOW, this 29th day of December, 2022, we vacate the trial court's September 30, 2021 order overruling the preliminary objections filed by IBIS Kennywood, LLC. We remand to have the trial court address whether the Pennsylvania Turnpike Commission complied with 26 Pa.C.S. § 305(c)(9) and issue an order resolving the preliminary objections. IBIS Kennywood, LLC's motion to remand for consideration of after-acquired evidence and application requesting oral argument are dismissed as moot.

Jurisdiction relinquished.

_____
LORI A. DUMAS, Judge