618 A.2d 1169

**Condemnation of a Tract of Land Situate in Lower Windsor Township, York County, Pennsylvania, by Eastern York School District for School Purposes.**

**Appeal of Harold McKONLY and Judy McKonly, Appellants.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 16, 1992.

Decided Dec. 11, 1992.

212

John F. Markel, for appellants.

Henry B. Leader, for appellee.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

Harold and Judy McKonly (Condemnees) appeal from an order of the Court of Common Pleas of York County (trial court) dismissing Condemnees' preliminary objections to a declaration of taking (declaration) filed by the Eastern York School District (Condemnor). We vacate and remand.

On September 30, 1991, Condemnor filed a declaration of taking condemning a sixteen-acre tract of land owned by the Condemnees. Upon notice of the taking, Condemnees filed preliminary objections alleging: 1) that the declaration is deficient; 2) that the amount of land taken is excessive; and 3) that more suitable land is available to Condemnor. Following the filing of briefs and without a hearing, the trial court dismissed the preliminary objections.

On appeal, Condemnees seek reversal of the trial court's dismissal of their preliminary objections and a direction to Condemnor to provide a more specific declaration of taking.[1]

█ We note that preliminary objections to condemnation, which must be decided promptly by a trial court, are the exclusive vehicle to challenge a declaration of taking. *Redevelopment Authority of the City of Erie v. Owners or Parties in Interest*, 1 Pa.Commonwealth Ct. 378, 274 A.2d 244 (1971). Section 1–406, 26 P.S. § 1–406, of the eminent domain code provides in part:

> (e) The court shall determine promptly all preliminary objections and make such preliminary and final orders and decrees as justice shall require ... [i]f an issue of fact is raised, the court *shall* take evidence by depositions or otherwise.

(emphasis added).

█ An examination of the record in the instant case provides no indication that the trial court took evidence, by

---

1. Our scope of review in an eminent domain case is limited to a determination of whether the trial court abused its discretion, an error of law was committed, or whether the findings and conclusions are supported by sufficient evidence. *Downingtown Area School District v. DiFrancesco*, 125 Pa.Commonwealth Ct. 264, 557 A.2d 819 (1989).

214

conducting a hearing, or by depositions or by any other method. Section 1-406(e) requires that if an issue of fact is raised, the court shall take evidence. Neither party has addressed the question of whether the preliminary objections raise issues of fact. Because the language of the Act mandates the taking of evidence where issues of fact are raised, we are unable to properly perform our appellate review without an evidentiary record.

■ This Court has consistently held that where a party has filed preliminary objections to a declaration of taking, the trial court may not dismiss those objections without first conducting an evidentiary hearing to resolve issues of fact in dispute. *City of Philadelphia v. Martorano,* 38 Pa.Commonwealth Ct. 573, 394 A.2d 674 (1978).

■ The second preliminary objection alleges that Condemnor seeks to condemn more than is necessary to build a school. Whether the proposed taking is excessive is a legitimate inquiry and raises an issue of fact. See: *Winger v. Aires,* 371 Pa. 242, 89 A.2d 521 (1952); *Pittsburgh School District Condemnation,* 430 Pa. 566, 244 A.2d 42 (1968); and *Estate of Rochez by Goslin,* 126 Pa. Commonwealth Ct. 59, 558 A.2d 605 (1989). Condemnor argues that the taking cannot be excessive because it has only condemned sixteen acres while 22 Pa.Code § 349.7 states the optimum acreage for a middle school is twenty acres.

■ However, the declaration of taking contains no averment that the purpose of the condemnation is to build a middle school. Paragraph 3 of the declaration states:

3. The purpose of the condemnation is to construct a school facility on the condemned premises to provide required additional and improved classroom and related facilities.

Absent a statement in the declaration concerning whether a middle school is intended to be built, the provisions of § 349.7 do not come into play.

█ The third preliminary objection raises the question of more suitable land available to Condemnor. The matter of whether there is more suitable land available to Condemnor also raises an issue of fact.

█ In dismissing the preliminary objections without a hearing, the trial court deprived Condemnees of an opportunity to submit evidence to support their contention that the taking was excessive or that other suitable land was available.

Accordingly, we vacate the order of the trial court dismissing the preliminary objections and remand for an evidentiary hearing.

## ORDER

AND NOW, December 11, 1992, the order of the court of Common Pleas of York County in the above-captioned matter is vacated and the case remanded for an evidentiary hearing.

Jurisdiction relinquished.