# In re Condemnation of Temporary Construction Easement

C.P. of Lycoming County, Nos. 14-02,219 and 14-01,791

GRAY, *J.*, Nov. 7, 2014—Before the court is Curtis R. and Terri L. Lauchle's answer/objections/complaint in equity opposing a condemnation of a temporary easement and right of way across their land by UGI Penn Natural Gas, Inc. (UGI PNG). An evidentiary hearing was held on October 17, 2014. Upon request, additional briefing was permitted and submitted by October 22, 2014. The matter is ripe for a decision. Upon review of the evidence presented at the hearing and the briefs and arguments by counsel, the court overrules the objections, denies and dismisses the equity action and grants the condemnation of the temporary construction easement. The court also concludes that the Lauchles are not entitled to relief in the matter filed at docket number 14-01,790.

### Factual and Procedural Background

The court will address the Lauchle's request for relief with respect to the instant matter as well as a condemnation matter filed to docket number 14-01,790.[1] First the court

---

1. In addition to the temporary construction easement in the present case, the Lauchles also sought review of issues with respect to two other condemnation matters filed to Lycoming County docket number 14-01,790 and 14-01,791. As a result, the Lauchles were afforded the opportunity to submit evidence with respect to 14-01790 (right of way)

will discuss the factual and procedural background of the instant matter.

14-02,219 — Temporary Construction Easement

On August 27, 2014, UGI PNG filed a petition for approval and Order for filing a condemnation bond for a temporary construction easement condemnation brought pursuant to 15 Pa. C.S.A. 15 P.S. 1511(g)(2).[2] UGI PNG is Pennsylvania Corporation with its primary business of producing, purchasing, storing, transporting and distributing natural gas. It is a public utility which is regulated by the Pennsylvania Utility Commission (PUC). The easement area consists of 1.732 +/- acres. The term of the easement is for a limited period of time, not to exceed three hundred sixty-five days. The purpose of the easement is to allow parking and storing vehicles and equipment and materials related to the construction, maintenance, replacing and changing one or more pipelines for the transportation, transmission and distribution of natural gas. UGI PNG would erect a fence on this easement.

On September 9, 2014, Mr. and Mrs. Lauchle filed an answer to petition/objections/action in equity pursuant to 15 Pa. C.S.A. §1511. In this document, the Lauchle's raised the following objections. First, they asserted that the taking is for a private rather than public purpose and therefore prohibited pursuant to Pennsylvania's Property

---

and/or 14-01791 (lands, 17,000 sq. ft.) as well the present matter at the evidentiary hearing held on October 17, 2014. The Lauchles filed a praecipe to discontinue the action in equity in docket number 14-01,791. Consequently, this opinion does not discusses the underlying facts of merits of 14-01, 791.

2. Pursuant to the secretary's certificate dated August 12, 2014, UGI PNG sought a temporary construction easement located on the property of Mr. and Mrs. Lauchle.

Rights Protection Act, 26 Pa.C.S. § 204(a)("PRPA"). Second, they asserted that the $25,000 bond is insufficient to protect them from the harm they may suffer from the condemnation. Lastly, they asserted that they are entitled to an evidentiary hearing on these issues pursuant to *Appeal of McKonly*, 618 A.2d 1169 (Pa. Comwlth. 1992). As the latter two issues have been resolved,[3] the only remaining issue is whether the proposed condemnation is prohibited as a private rather than public taking.

14-01,790 — Underground Pipeline

Docket number 14-01,790 involves the condemnation of an easement on Mr. and Mrs. Lauchle's property that is approximately 354 feet in length and 30 feet wide for the purpose of an underground pipeline. The easement would not interfere with the owners' use and enjoyment of the property except that it precludes the owners from erecting buildings or permanent non-moveable structures. The Lauchles could still operate their fruit stand on the property. On July 15, 2014, UGI PNG filed a notice of intent to present condemnation petition and bond. The notice warns that an answer or objections must be filed within (10) days.[4] The petition was personally served upon Mr. and Mrs. Lauchle by hand delivery to Mrs.

---

3. The parties subsequently reached a stipulation as to the bond amount, increasing the bond to $50,000. An evidentiary hearing was afforded to Mr. and Mrs. Lauchle with respect to the instant matter as well as matters related to docket numbers 14-01,790 and not 14-01,791. In addition, some discovery was conducted.

4. Specifically, the notice states: "[I]f you do not file an answer of objections thereto, WITHIN TEN (10) DAYS AFTER SERVICE OF THIS PETITION UPON YOU, UGI PENN NATURAL GAS, INC. ("UGI PNG") by and through its counsel, will file a motion with the Lycoming County Prothonotary, and present it to the court for approval, seeking entry of an order in the form attached as Exhibit "C" to UGI PNG's petition, directing the filing of UGI PNG'S original bond."

Lauchle at their residence on July 15, 2014.[5] No answer or objection was filed within ten days. On August 19, 2014, there being no answer of objections filed, UGI PNG filed a motion for approval of the condemnation petition and bond. On August 26, 2014, the court entered an order approving the condemnation and bond.

On August 29, 2014, Mr. and Mrs. Lauchle filed a document titled "answer to petition/action in equity." In that document, the Lauchles challenged the condemnation on the following grounds: (1) an inadequate bond, (2) taking more than is required for the purpose intended, and (3) condemning for a private enterprise as opposed to a public use. On September 30, 2014, UGI PNG filed a bond for damages under right of Eminent Domain in the amount of $25,000. Briefs were filed to this docket number on October 10, 15, 20 and 23, 2014.

## Discussion

The primary issue in the present case is whether a public utility's condemnation for the construction and maintenance of a pipeline for the transportation, transmission and distribution of natural gas to a private business which operates as a power generating plant within its service area violates Pennsylvania's Property Rights Protection Act, 26 Pa.C.S. § 204(a) ("PRPA").[6] This court concludes that it does not.

The court concludes that the temporary construction

5. An affidavit of such service was filed on July 22, 2014.
6. Pennsylvania's Property Rights Protection Act, 26 Pa.C.S. § 204(a) is an "anti-Kelo" statute promulgated in response the U.S. Supreme Court's decision in *Kelo v. City of New London, Ct,* 125 S.Ct. 2665 (2005) in which the taking of private property was approved for a commercial developer for private subdivisions.

easement and the pipeline easement at issue fall within the public utility exemption explicitly outlined in Section 204(b).[7] UGI PNG seeks to supply natural gas to Panda Patriot Electric-Generation Station (Panda), which is a customer in UGI PNG's service area. UGI PNG is the chosen supplier of natural gas to the area in which Panda is located. In general, the PRPA prohibits the exercise of eminent domain powers to "take private property in order to use it for private enterprise." However, because UGI PNG is a public utility, regulated by the Public Utility Commision, it falls within "the limited, defined class of condemnors" permitted to use the eminent domain power to provide public services in tandem with benefits to a private enterprise. 26 Pa.C.S. § 204(b)(2)(i); *Reading Area Water Auth. v. Schuylkill River Greenway Ass'n*, No. 62 MAP (Pa. Sept. 24, 2014) at 29.[8] In making the conclusion that UGI PNG is a public utility, the court relies upon the language of the Pennsylvania Supreme Court in *Reading Area Water Auth* which states that 26 Pa.C.S. §204(b)(2) (i) exempts *"regulated public utilities,* but not municipal authorities, from the preclusive rule set forth." *Reading*

---

7. The court further notes that — unlike *Reading Area Water Auth.*, the takings at issue in the present case were made pursuant to the Pennsylvania Business Corporations Law, 15 Pa. C.S.A. § 1511(a) and the procedures outlined in (g). 15 Pa. C.S.A. § 1511(a) provides a public utility with "right to take, occupy and condemn" added condemnation powers *in addition* to any other power of eminent domain power already conferred under the Eminent Domain Code, 26 Pa. C.S.A. § 101-1106, *et. seq.*" (emphasis added). 15 Pa. C.S.A. § 1511(g)(2) provides that notwithstanding the fact that Eminent Domain Code is applicable to proceedings under the Business Corporations Law, a public utility may elect to follow the procedures of Business Corporations Law in lieu of those provided by the Eminent Domain Code. The Business Corporations Law provides more expansive powers for condemnation.

8. The court finds that UGI PNG is a public utility corporation regulated by the Public Utility Commission. *See*, 15 Pa. C.S.A. §1103, and Certificate of Public Convenience and related tariff.

*Area Water Auth, supra,* at 29 (emphasis added).

In addition to being an exempt condemnor, the court notes that the relationship to the private enterprise is significantly different in the present case than the circumstances prohibited in *Reading, supra.* In *Reading,* the Reading Area Water Authority's (RAWA) sought to condemn property for a *private developer to own* and *operate a* drainage system that RAWA was not authorized to own or operate and which the private developer had been unable to obtain by private negotiations.[9] By contrast, in the present matter, UGI PNG is the sole owner of the easements and the operator of the pipeline providing natural gas to its customer. UGI PNG is the chosen supplier of natural gas to customers at the location of Panda. Unlike the private developers in *Reading,* Panda will not own, operate or control the condemned property in any way.[10] Rather, Panda will use the natural gas it receives from the pipeline operated by UGI PNG to "generate enough energy to power approximately 1 million homes."

For the foregoing reasons, the court concludes that the condemnations do not violate PRPA.[11]

The court also concludes that the objections/equity

---

9. There was no challenge to the water easement for RAWA to supply water service to the development.

10. The court further notes that — unlike the taking in reading the taking in the instant matter is for a purpose specifically authorized by the Business Corporations Law, which provides additional powers and alternate procedural steps for public utilities to take, occupy and condemn property as reasonable necessary for the transportation of natural gas and the "the production, generation, manufacture, transmission, storage, distribution or furnishing of natural or artificial gas" for the public. 15 Pa. C.S.A. § 1511(a) (2) & (3).

11. The court also concludes that the taking is not prohibited by the less restrictive constitutional limitations as outlined in *Kelo v. City of New London, Ct,* 125 S.Ct. 2665 (2005).

action filed in docket number 14-01,790, are denied as untimely and denied on the merits. The Lauchles filed an answer/action in equity in 14-01,790 on August 29, 2014, after the order was entered approving the bond and *forty-five days* after personal service by hand delivery of notice giving them 10 days to object. The Lauchles seek to challenge the bond as inadequate by comparing it to land it sold to Transcontinental Pipeline Company for a regulator station which is fenced in on their property. The court finds that the purchase price paid by Transco does not provide evidence toward the appropriate amount of a bond for the underground pipeline. The time for challenging the bond has passed. The Lauchles also challenge the condemnation for the pipeline as larger than necessary for the intended purpose. In review of the extent of the taking, the condemnees must prove that the condemnee has abused its discretion, is guilty of fraud, or bad faith. *See, Appeal of Waite*, 641 A.2d 25, 28 (Pa. Cmwlth. 1994), *appeal denied*, 651 A.2d 543 (Pa. 1995). The court finds and concludes that the Lauchles have not met the burden of proof in showing that the condemnation should be denied as a taking is larger than needed.

Accordingly, the court enters the following order.

## ORDER

And now, this 7th day of November, 2014, upon petition for approval and order for filing condemnation bond, and following a hearing on condemnees' answer/objections/ action in equity, it is ordered and directed as follows.

1. Mr. and Mrs. Lauchle's answer/objections/action in equity/ are overruled, denied and dismissed.

2. UGI Penn Nature Gas, Inc., is hereby authorized and directed to file with the Lycoming County Prothonotary, the form of Condemnation Bond in the amount of $50,000.00, which amount has been agreed and stipulated to by the parties as an adequate Bond amount, and said Bond may be filed with the amount of security provided by that Bond which is hereby approved by the court.

3. UGI-PNG's motion for and order requiring the execution of an application by the condemnor of an application for authorization of UGI-PNG to serve as agent to apply for a highway occupancy permit, is granted in part and denied in part as follows. As the court has granted the temporary construction easement, the Pennsylvania Department of Transportation is ordered and directed to allow UGI-PNG to serve as agent to apply for a highway occupancy permit and otherwise treat UGI-PNG as property owners of construction easement for the duration of the easement.

4. The Lauchle's action in equity / objections to the condemnation at issue in Lycoming County Case No. 14-0170 as untimely and as overruled, denied and dismissed on the merits as this court has determined that the taking is for a public purpose specifically exempt under 26 Pa.C.S. § 204(b)(2)(i).

5. The court notes that Mr. and Mrs. Lauchle have filed a praecipe to mark any action in equity filed to Lycoming County Case No. 14-0171 as discontinued and ended. As a result, this court will not address that case.