IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation by the  :
Commonwealth of Pennsylvania, :
Department of Transportation, of :
Right-of-Way for State Route 1012, :
Section BRC, in the Township of :
Tinicum  :
  :
Appeal of: Virtus Capital  :  No. 1284 C.D. 2023
Advisors, LLC  :  Argued: June 4, 2024

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
   HONORABLE MATTHEW S. WOLF, Judge
   HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT   FILED:  July 19, 2024

  Virtus Capital Advisors, LLC, through its principal, Steven Gidumal (Gidumal), appeals an order of the Court of Common Pleas of Bucks County (trial court) overruling his preliminary objections to a declaration of taking filed by the Pennsylvania Department of Transportation (PennDOT).  On appeal, Gidumal argues that the trial court lacked jurisdiction over this declaration of taking action because PennDOT had claimed in other legal proceedings to own the easements that it sought to take by condemnation.  Simply, PennDOT cannot condemn what it claims already to own.  Gidumal also argues that the trial court erred in not granting his motion to stay the condemnation proceeding until the State Board of Property (Board of Property or Board) decided whether PennDOT owned the easements in question.  For the reasons to follow, we affirm.

  At issue is a 47-acre tract of land located at 649-651 Headquarters Road, Ottsville, in Tinicum Township, Pennsylvania (Property).  By Deed Poll on

August 9, 2019, the Bucks County Sheriff sold the Property to the trustee for the mortgage company holding the mortgage lien. On January 17, 2020, PennDOT purchased 0.016 acres of the Property from the trustee for a right-of-way, 0.005 acres as a slope easement, and 0.068 acres as a temporary construction easement. PennDOT did so in preparation of its removal and replacement of a 200-year-old bridge located on Headquarters Road. On September 30, 2020, PennDOT recorded its easements with the Bucks County Recorder of Deeds.

In the interim, Gidumal purchased all 47 acres of the Property from the trustee by special warranty deed dated June 25, 2020. That deed did not state that the Property was burdened by PennDOT's easements. On August 6, 2020, Gidumal recorded its special warranty deed with the Bucks County Recorder of Deeds.

In February 2022, Gidumal learned of PennDOT's easements recorded on September 30, 2020. On February 18, 2022, Gidumal filed a petition to quiet title with the Board of Property. *See Gidumal v. Pennsylvania Department of Transportation* (Docket No. BP-2022-0002) (*Gidumal I*). The petition contested PennDOT's ownership of the right-of-way easement, the slope easement, and the temporary construction easement. Gidumal sought a determination that PennDOT was not the rightful owner of any easements on the Property.

On November 30, 2022, PennDOT filed a declaration of taking to acquire a right-of-way easement, slope easement, and temporary construction easement on the Property. Reproduced Record at 2-8 (R.R. __).[1] The declaration stated that the condemnation was needed so that PennDOT could replace the existing

---

[1] The Reproduced Record does not comport with Pennsylvania Rule of Appellate Procedure 2173, PA. R.A.P. 2173 (requiring that the pagination of reproduced records be in the form of an Arabic number followed by a small "a"). For ease, the Court will utilize the method used in the Reproduced Record.

Headquarters Road bridge, which was structurally deficient, unsafe for public use, and at risk of imminent failure. R.R. 90. Gidumal filed preliminary objections to the declaration of taking, asserting, *inter alia*, that the trial court lacked subject matter jurisdiction because PennDOT had claimed in other legal proceedings that it already owned the easements, and PennDOT cannot condemn property it already owns. Gidumal further objected that the Board of Property was vested with exclusive jurisdiction to adjudicate any ownership interest claimed by a Commonwealth agency, such as PennDOT. Gidumal argued that PennDOT improperly invoked the waiver valuation procedure to determine damages; provided insufficient security; and failed to specify the location of the easements or the duration of the temporary construction easements.

PennDOT responded that its declaration of taking to acquire property for transportation purposes constituted a valid exercise of its condemnation powers. The Eminent Domain Code, 26 Pa. C.S. §§101-1106, governs all condemnations, and preliminary objections are the exclusive procedure by which a condemnee can challenge a declaration of taking. The Board of Property has no role to play in a condemnation. As to Gidumal's other objections, PennDOT responded that it has authority to determine just compensation by appraisal or waiver valuation; a Commonwealth agency is not required to post security; and a schedule of property provides an adequate description of the property to be condemned.

In January 2023, Gidumal filed a motion to stay the condemnation proceeding pending disposition of *Gidumal I* by the Board of Property, which would determine ownership of the easements that were the subject of the declaration of taking. In June 2023, Gidumal filed an amended motion to stay, noting that on April 25, 2023, the Board of Property dismissed *Gidumal I* as moot, which dismissal has

3

been appealed to this Court. *See Gidumal v. Department of Transportation (State Board of Property)* (Pa. Cmwlth., No. 518 C.D. 2023, filed July 19, 2024) (*Gidumal II*).

On October 30, 2023, the trial court overruled Gidumal's preliminary objections. In its PA. R.A.P. 1925(a) opinion, the trial court explained that PennDOT conceded that Gidumal owned the Property free and clear of the easements that PennDOT recorded in September of 2020. Accordingly, the trial court had jurisdiction over the declaration of taking and was required to rule on Gidumal's preliminary objections to PennDOT's declaration of taking. *See* 26 Pa. C.S. §306(f).[2]

As to Gidumal's amended motion for stay, the trial court explained that Gidumal's ownership claim was no longer in dispute because PennDOT conceded that Gidumal owned the Property free and clear of the easements recorded by PennDOT in September of 2020. Therefore, the outcome of the Commonwealth Court appeal in *Gidumal II* did not bear on the resolution of Gidumal's preliminary objections.

Gidumal appealed the trial court's decision.

---

[2] It states:

**Disposition**.--

(1) The court shall determine promptly all preliminary objections and make preliminary and final orders and decrees as justice shall require, including the revesting of title.

(2) If an issue of fact is raised, the court shall take evidence by depositions or otherwise.

(3) The court may allow amendment or direct the filing of a more specific declaration of taking.

26 Pa. C.S. §306(f).

On appeal,[3] Gidumal raises two issues. First, Gidumal argues that the trial court erred by overruling his preliminary objections rather than dismissing PennDOT's declaration of taking for lack of subject matter jurisdiction. Second, Gidumal argues that the trial court erred when it refused to stay the condemnation proceeding pending the outcome of the appeal in *Gidumal II*.

Private property can be condemned for public use upon payment of just compensation. PA. CONST. art. I, §10 ("nor shall private property be taken or applied to public use, without authority of law and without just compensation"). PennDOT has the power of a condemnor. Section 2003(e)(1) of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §513(e)(1). Condemnation proceedings are governed by the Eminent Domain Code. It provides, *inter alia*, that once a declaration of taking is filed, title automatically passes to the condemnor. 26 Pa. C.S. §302(a)(2) ("title which the condemnor acquires in the property condemnation shall pass to the condemnor on the date of the filing" of the declaration of taking). The only inquiries are whether the condemnor has filed a legally valid taking, 26 Pa. C.S. §306, and if so, the amount of just compensation owed by the condemnor. *See* 26 Pa. C.S. §502 ("appointment of viewers to ascertain just compensation").

With this background, we address Gidumal's issues on appeal.

In his first issue, Gidumal argues that the trial court erred in overruling his preliminary objections to the declaration of taking because PennDOT had asserted in other proceedings that it already owned the easements that were the

---

[3] Our Court reviews a decision of a trial court overruling preliminary objections to a declaration of taking to determine whether the trial court abused its discretion or committed an error of law. *In re Condemnation of Certain Properties and Property Interests for Use as a Public Golf Course*, 822 A.2d 846, 849 n.6 (Pa. Cmwlth. 2003).

subject of the declaration of taking. PennDOT cannot condemn what it already owns.

PennDOT responds that the trial court had jurisdiction to decide Gidumal's preliminary objections to the declaration of taking, which PennDOT filed in order to undertake its bridge replacement project. PennDOT identified Gidumal as the owner of the Property in the schedule of property condemned attached to the declaration of taking. Thus, there was no controversy about Gidumal's ownership of the land subject to the condemnation. The Eminent Domain Code confers exclusive jurisdiction over this condemnation with the trial court, which properly decided Gidumal's preliminary objections.

In condemnation proceedings, there are two distinct phases: the first goes "to the propriety and validity of the taking, including whether a taking has been affected;" the second goes to damages. *Philadelphia Redevelopment Authority of City of Philadelphia v. Atuahene*, 229 A.3d 1002, 1007 (Pa. Cmwlth. 2020). This first phase involves the filing of preliminary objections. *Id*. Preliminary objections are the exclusive method to challenge the declaration of taking. *Appeal of McKonly*, 618 A.2d 1169, 1170 (Pa. Cmwlth. 1992). Preliminary objections resolve expeditiously the factual and legal challenge to a declaration of taking before the parties proceed to determine damages. *In re Condemnation by the City of Coatesville*, 898 A.2d 1186, 1189 n.7 (Pa. Cmwlth. 2006).

By filing its declaration of taking, PennDOT effected a transfer of title of the right-of-way easement, the slope easement, and a temporary construction easement as of the date of filing. 26 Pa. C.S. §302(a)(2). Thus, PennDOT owns those easement rights as a matter of law. In filing preliminary objections, Gidumal conceded he was the owner of the land sought to be acquired by PennDOT. *In re*

6

*Condemnation by County of Berks*, 914 A.2d 962, 965 (Pa. Cmwlth. 2007). *See also* 26 Pa. C.S. §§103, 306(a).[4] The Eminent Domain Code vested the trial court with exclusive jurisdiction over condemnation proceedings, including deciding preliminary objections. 26 Pa. C.S. §306(f). Further, the litigation pending before the Board of Property was irrelevant to the trial court's exclusive jurisdiction over the declaration of taking.

PennDOT's asserted ownership of easements on the Property in separate litigation proceedings did not divest the trial court of subject matter jurisdiction. PennDOT was not precluded from reevaluating its prior position and, as a consequence, pursuing a condemnation under the Eminent Domain Code. Accordingly, we affirm the order of the trial court overruling Gidumal's preliminary objections.

In his second issue, Gidumal argues that the trial court erred in denying his amended motion to stay pending the final resolution of *Gidumal II*, wherein the "critical underlying ownership issues" would be decided. Gidumal Brief at 15. Gidumal contends that the trial court needed a final determination from the Board of Property on the validity of PennDOT's easements recorded in 2020 before rendering a decision on his preliminary objections or any other part of the matter before it. We disagree.

"A trial court possesses broad discretion to grant or deny a stay or place a matter in abeyance, and this Court will not interfere with this determination absent an abuse of discretion." *In re Penn-Delco School District*, 903 A.2d 600, 606-07

---

[4] Section 306(a) of the Eminent Domain Code provides that "[w]ithin 30 days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration of taking." 26 Pa. C.S. §306(a). As defined in Section 103 of the Eminent Domain Code, "Condemnee" means "[t]he owner of a property interest taken, injured or destroyed. The term does not include a mortgagee, judgment creditor or other lienholder." 26 Pa. C.S. §103.

(Pa. Cmwlth. 2006). "An abuse of discretion is not merely an error in judgment, but a judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the record." *Gwynedd Properties, Inc. v. Board of Supervisors of Lower Gwynedd Township*, 635 A.2d 714, 716 n.4 (Pa. Cmwlth. 1993).

Here, Gidumal has identified no prejudice caused by the trial court's decision to deny the stay. Furthermore, the quiet title action before the Board of Property was irrelevant to the condemnation proceedings once PennDOT conceded that Gidumal owned the Property free of the easements recorded in September of 2020. The trial court did not abuse its discretion in denying Gidumal's amended motion for stay.

For the foregoing reasons, we affirm the trial court's order.

_____
MARY HANNAH LEAVITT, President Judge Emerita

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation by the
Commonwealth of Pennsylvania,
Department of Transportation, of
Right-of-Way for State Route 1012,
Section BRC, in the Township of
Tinicum

Appeal of: Virtus Capital
Advisors, LLC

: 
: 
: 
: 
: 
: 
: 
: 
:     No. 1284 C.D. 2023
:

## **O R D E R**

AND NOW, this 19th day of July, 2024, the order of the Court of Common Pleas of Bucks County, dated October 30, 2023, in the above-captioned matter, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita